[Crim. No. 4651. First Dist., Div. One. June 28, 1967.]

THE PEOPLE, Plaintiff and Appellant, v. NORMAN FONTAINE, Defendant and Respondent.

Stanley Mosk and Thomas C. Lynch, Attorneys General, Albert W. Harris, Jr., John F. Kraetzer and Derald Granberg, Deputy Attorneys General, for Plaintiff and Appellant..

Robertson & Hand, Paul K. Robertson and Dent N. Hand, Jr., for Defendant and Respondent.

MOLINARI, P. J.—On this appeal, by our reversal in 1965 of the order granting defendant's motion for a new trial, we affirmed defendant's conviction for two counts of selling and furnishing marijuana in violation of Health and Safety Code section 11531. (237 Cal.App.2d 320 [46 Cal.Rptr. 855].)

In our decision we found no error excepting that which occurred when the district attorney commented in his argument on defendant's failure to testify and the trial court instructed the jury regarding the legal effect of such failure to testify. We held that such error violated the privilege against self-incrimination provided for in the Fifth Amendment to the United States Constitution under the holding of *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229][1] which declared that the California comment rule provided for in article 1, section 13 of the California Constitution violated the Fifth Amendment privilege. We held, however, that upon a review of the record such error did not require a reversal because it did not result in a miscarriage of justice under the California harmless-error rule then provided for in article VI, section 4½ (now art. VI, § 13) of the California Constitution.[2] In so doing we relied on *People* v. *Bostick* (1965) 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529] which held that the error proscribed by *Griffin*, "'unless it resulted in a miscarriage of justice, does not, however, automatically require a reversal if article VI, section 4½, of our Constitution is applicable to it.'" (P. 823.)

On February 20, 1967 the United States Supreme Court in *Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824] announced the rule that "before a federal constitutional error can be held harmless, the court must be able to

---

[1] *Griffin* v. *California* was decided subsequent to the trial of the present case.

[2] Article VI, section 4½ (now art. VI, § 13) provided: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

declare a belief that it was harmless beyond a reasonable doubt." (P. 24 [17 L.Ed.2d at pp. 710-711].) Thereafter, on March 13, 1967, the United States Supreme Court granted defendant's petition for a writ of certiorari, vacated the judgment herein, and remanded the case to this court "for further consideration in light of *Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]." Upon the remand we recalled the remittitur.

We have given further consideration to this case in the light of *Chapman* v. *California, supra.* We approve and adopt as part of this opinion and incorporate herein by reference all of the opinion prepared and written in 1965 for this court on the appeal before us by Mr. Justice Molinari (*People* v. *Fontaine,* 237 Cal.App.2d 320 [46 Cal.Rptr. 855]) save and except that portion appearing under the heading *"Griffin* v. *California"* on page 333 thereof, which portion we now modify to read as follows:

### Griffin v. California

 Defendant did not take the stand. The district attorney commented in his argument on defendant's failure to testify and the trial court instructed the jury regarding the legal effect of that failure to testify pursuant to the comment rule of this state prior to the decision of the United States Supreme Court in *Griffin* v. *California, supra.* Since *Griffin* holds that our comment rule violates the Fifth Amendment privilege against self-incrimination, the comment of the prosecutor and the trial court's instruction herein each constituted error. (*People* v. *Bostick,* 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529].) Such error does not, however, require a reversal if we are able to declare that it was harmless beyond a reasonable doubt. (*Chapman* v. *California,* 386 U.S. 18, [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824]; *People* v. *Talley,* 65 Cal.2d 830, 840 [56 Cal.Rptr. 492, 423 P.2d 564].)

 We believe beyond a reasonable doubt that the error complained of arising out of the prosecutor's improper comment to the jury and the trial court's instructions as to the legal effect of defendant's failure to testify was harmless and that it did not contribute to the verdict obtained. Our belief rests upon the conviction that the error complained of added little to the prosecution's strong case against defendant, which consisted of the following substantial evidence: the testimony with respect to the subject recordings; that of the several police officers who witnessed the two meetings between the

informant and defendant; that of the two sheriff's matrons who thoroughly searched the informant immediately prior to her meetings with defendant; and that of the police to the effect that they maintained a constant surveillance of the informant during her meetings with defendant and that the marijuana was turned over to them in each instance immediately after the informant contacted defendant.

The appeal from the order denying the People's motion to vacate the order granting a new trial is dismissed. The order granting defendant's motion for a new trial is reversed.

Sims, J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 21, 1967. Mosk, J., and Sullivan, J., did not participate therein.