FONTAINE *v.* CALIFORNIA.

No. 854, Misc.   Decided April 8, 1968.

*Thomas C. Lynch,* Attorney General of California, and *Derald E. Granberg* and *Louise H. Renne,* Deputy Attorneys General, for respondent.

PER CURIAM.

The petitioner allegedly made two sales of marihuana to an informer in June and July 1963.   He was not indicted until mid-October 1963.   According to the State, the delay was due to the State's desire to use the informer in other narcotics cases.   By the time the case came to trial, the informer had disappeared.   Evidence as to the

alleged purchases from petitioner consisted of taped telephone conversations which petitioner claims are ambiguous, and the testimony of police officials. Some of the police observed the transactions between petitioner and the informer, but under circumstances which petitioner argues leave substantial doubt that the seller was in fact the petitioner.

The jury found petitioner guilty, but the trial judge ordered a new trial because of the State's delay which had made the informer unavailable. The California District Court of Appeal reversed the trial judge's ruling, 237 Cal. App. 2d 320, 46 Cal. Rptr. 855 (1965). It held that the failure to produce the informer did not deny a fair trial.

At the trial, which took place before our decision in *Griffin* v. *California,* 380 U. S. 609 (1965), the prosecutor had commented upon petitioner's failure to take the stand. His comment was as follows:

> "How do we know the defendant knew it was marijuana? Well, I guess if he didn't know it was marijuana he could have taken the stand and told us that he didn't know it was marijuana and thereby subject himself to cross-examination, if he chose not to.
>
> "His Honor will instruct you then on the effect that it may have, any conclusions or inferences you may draw from the fact that he wouldn't take the stand and testify . . . .
>
> "Well, Ladies and Gentlemen, that is the case. You heard the evidence. You heard the arguments of counsel. You haven't heard from the defendant. I will ask you to take that into consideration, take into consideration the inference which you may draw because he didn't choose to defend himself and what he may have said in that respect."

The trial judge had instructed the jury that it could draw adverse inferences from petitioner's silence.* *Griffin* was decided between the time of trial and the appellate decision. The District Court of Appeal held that the prosecutor's argument and the judge's comment violated petitioner's privilege against self-incrimination under *Griffin*. However, the Court of Appeal found the constitutional error harmless under the California harmless-error rule prevailing at that time. The State Supreme Court declined to review the case.

Subsequently, we decided *Chapman* v. *California,* 386 U. S. 18 (1967), which disapproved of California's harmless-error rule as applied to federal constitutional errors. Thereafter, we granted a petition for a writ of certiorari in the instant case, vacated the judgment below, and remanded for further consideration in light of *Chapman.* 386 U. S. 263 (1967). On remand, the District Court of Appeal reinstated its former opinion except that it rewrote the portion dealing with harmless error. This time it recited that the constitutional error in this case was harmless "beyond a reasonable doubt"—the standard announced in *Chapman. People* v. *Fontaine,* 252 Cal. App. 2d 73, 60 Cal. Rptr. 325.

The disputed issues at the trial centered principally upon whether the petitioner knowingly transferred wax bags of marihuana to the informer. The petitioner

---

*"It is a Constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus, whether or not he does testify rests entirely in his own decision. As to any evidence or facts against him which the defendant can reasonably be expected to deny or explain because of facts within his knowledge, if he does not testify or if, though he does testify, he fails to deny or explain such evidence, the jury may take that failure into consideration as tending to indicate the truth of such evidence and as indicating that among the inferences that may be reasonably drawn therefrom those unfavorable to the defendant are the more probable."

claimed prejudice as a result of the unavailability of the informer. We need not decide whether this, standing alone, would entitle the petitioner to reversal of the decision below because it is clear that in the absence of testimony of the informer supporting the State's version of the disputed issues, it was error for the court below to hold that the comments of the prosecutor and the trial judge were harmless "beyond a reasonable doubt."

These comments upon petitioner's failure to take the stand violated his constitutional privilege against self-incrimination. *Griffin* v. *California, supra.* The jury had been asked to convict petitioner on the basis of circumstantial evidence, in the absence of testimony from the State's agent who allegedly made the purchases from petitioner. In these circumstances, the State has not met its burden of proving beyond a reasonable doubt that the erroneous comments and instruction did not contribute to petitioner's conviction. *Chapman* v. *California,* 386 U. S., at 24, 25–26.

Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted and the judgment is

*Reversed.*

MR. JUSTICE BLACK and MR. JUSTICE HARLAN would affirm the judgment of the state court.