**Thomas N. CLARK, Plaintiff-Appellee,**

v.

**Louis S. NELSON, Defendant-Appellant.**

**No. 23310.**

United States Court of Appeals
Ninth Circuit.

May 26, 1969.

Michael Buzzell (appeared), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for appellant.

Thomas N. Clark, pro per.

Before MERRILL, DUNIWAY and CARTER, Circuit Judges.

PER CURIAM:

Habeas corpus. Clark is a California prisoner, convicted of robbery. At his trial, he did not take the stand. The prosecutor commented briefly on Clark's failure to testify, telling the jury that they would receive an instruction on the subject. The court gave CAL JIC instruction 51. The comment and instruction violated the ruling in Griffin v. California, 1965, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, which was decided after Clark was tried. The conviction was affirmed on appeal.

On petition for habeas corpus, the District Judge granted the writ and the Warden appealed. We vacated and remanded for reconsideration in the light of Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.[1] See Nelson v. Clark, 9 Cir., 1968, 388 F.2d 985. The District Judge has now reconsidered, and has again ordered that the writ issue.

The judge concluded that "it cannot be said * * * beyond a reasonable doubt * * * that [the] * * * error did not influence the jury and affect the outcome of the trial." We agree. One witness against Clark was the victim. His identification of Clark, while stated positively, leaves much to be desired. The other, and in many respects the key witness against Clark, was characterized by the California District Court of Appeal, in Clark's appeal to it (unpublished), as "a scorned and perjurious woman". She testified that Clark told her that he had participated in the robbery and described the clothes that he said that he was wearing during the robbery. If believed, her testimony would have been sufficient to convict. In the minds of the jury it could also have been thought to corroborate the victim's identification of Clark. The jury could well have felt, in the light of the comment and the instruction, that Clark's failure to deny or explain the woman's testimony about him lent it credibility that it would not otherwise merit.

Affirmed.

1. See also Ross v. California, 1968, 391 U.S. 470, 88 S.Ct. 1850, 20 L.Ed.2d 750; Fontaine v. California, 1968, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154; Anderson v. Nelson, 1968, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81.