**UNITED STATES of America ex rel. Isaac ZAVARRO, Petitioner-Relator,**

**v.**

**COMMISSIONER OF CORRECTION OF the STATE OF NEW YORK and Warden of the State Prison at Wallkill, New York, Respondents.**

**No. 71 Civ. 5505.**

United States District Court, S. D. New York.

June 23, 1972.

---

Irving Anolik, New York City, for pe-
titioner-relator.

Louis J. Lefkowitz, Atty. Gen. of State of New York, Albany, N. Y., for respondents; Robert S. Hammer, Asst. Atty. Gen., New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

Petitioner Isaac Zavarro, and his brother, Mark Zavarro (not a party here), were each convicted after a joint jury trial in Nassau County Court of one count of second degree arson and one count of third degree arson. Each was sentenced to concurrent terms of 4 to 10 years in prison.

The convictions were affirmed without opinion by the Appellate Division, People v. Zavarro, 29 A.D.2d 917, 289 N.Y.S.2d 737 (2d Dep't 1968). The New York Court of Appeals affirmed Isaac's conviction, but reversed Mark's conviction, holding that the introduction of an out-of-court statement of Isaac's which inculpated Mark, violated the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). People v. Zavarro, 26 N.Y.2d 846, 309 N.Y.S.2d 594, 258 N.E.2d 91 (1970).

Isaac Zavarro thereafter commenced this proceeding seeking a writ of habeas corpus. None of the numerous grounds advanced entitle him to relief.

## I.

In the course of his summation, the prosecutor said:

He [a witness] said he left [a certain bar] immediately after Cain, that there was one other person there who no one knew who he was and we heard no evidence from the defendants who he was.[1]

Zavarro contends that this was a comment on the defendants' failure to take the stand, in violation of his Fifth and Fourteenth Amendment rights under Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and its progeny. E.g., Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968) (per curiam); Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968) (per curiam); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In each of the cited cases, the prosecutor had emphasized the failure of the defendant to testify, and the trial judge had charged the jury that it could draw inferences unfavorable to the defendant from his failure to take the stand. On that basis, the convictions were reversed.

In contrast, the comment questioned here was indirect. The prosecutor's remark, quite plainly, did not specifically mention that the defendants did not testify, nor did it ask the jury to draw any inference from that fact. The statement "we heard no evidence from the defendants who he was" was indirect and could be considered a comment on failure to take the stand only when taken in conjunction with the additional fact that no one but the defendants could have made the identification. Such claims have been generally rejected in other circuits and in my view the facts here do not entitle a defendant to relief in this circuit. See United States ex rel. Leak v. Follette, 418 F.2d 1266 (2d Cir. 1969), cert. denied, 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970).

Beyond this, the trial judge included a curative instruction on defendants' failure to testify, in his charge to the Jury.[2] While this can scarcely be said to be an ideal instruction on the subject, defense

1. Defense counsel objected to the remark and requested a curative instruction. The trial judge ruled that he would "take care of it in my charge."

2. "Now, here, the defendants did not testify. The defendants have a right to testify or not as he or they please. And the fact that they did not take the stand and give testimony creates no presumption at all against them. It is in no way an admission by either of the defendants of guilt."

counsel took no exception to it, and did not challenge its sufficiency in the New York Court of Appeals and does not do so here.

■ I hold that the challenged remark is too "oblique" to be properly characterized as comment on the defendants' failure to take the stand. United States ex rel. Satz v. Mancusi, 414 F.2d 90 (2d Cir. 1969) (alternate holding). A jury would not "naturally and necessarily" so construe it. United States ex rel. Leak v. Follette, *supra*, 418 F.2d at 1269; United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957, 961 (2d Cir.), cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965). See United States v. Marcus, 401 F.2d 563, 566–567 (2d Cir. 1968), cert. denied, 393 U.S. 1023, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969).

Zavarro is not entitled to relief on this theory.

## II.

■ Zavarro also claims that the New York Court of Appeals held it was error to try him and his brother jointly, and that this prejudiced him because the joint trial prevented him from calling his brother as a witness. But the Court of Appeals did not hold that it was error to hold a joint trial; the error was the introduction of Isaac Zavarro's statement at the joint trial. The prosecution could have tried the defendants together and not used Isaac's statement. There is, therefore, no merit to the claim that Isaac is entitled to relief because of the Court of Appeals' decision.

■ Zavarro's claim that the joint trial prevented him from calling his brother as a witness is meritless. Indeed, the question does not appear to be properly before me. No motion to sever was made in state court, either before or during the trial. Accordingly, Zavarro appears to have waived any objection to a joint trial. No claim is made that this waiver was other than a deliberate bypass of state procedures available to him. *Cf.* United States ex rel. Cruz v. LaVallee, 448 F.2d 671, 679 (2d Cir.

1971); United States ex rel. Schaedel v. Follette, 447 F.2d 1297, 1300 (2d Cir. 1971); United States ex rel. Satz v. Mancusi, 414 F.2d 90 (2d Cir. 1969) (alternate holding). *See generally* Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Tigar, Foreword: Waiver of Constitutional Rights: Disquiet in the Citadel, 84 Harv.L.Rev. 1, 16–19 (1970); White, Federal Habeas Corpus: The Impact of the Failure to Assert a Constitutional Claim at Trial, 58 Va.L.Rev. 67 (1972).

■ In any event, Zavarro's petition here is not sufficient to support the claim that he had a constitutional right to a severance. There is nothing to show that Mark would have testified or could have exculpated Isaac.

Absent such a showing, the denial of a motion to sever, had one been made, would not have violated Zavarro's constitutional rights. *See* Byrd v. Wainwright, 428 F.2d 1017 (5th Cir. 1970); United States v. Kahn, 366 F.2d 259, 263–264 (2d Cir.), cert. denied sub nom., Pacelli v. United States, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226 (1966).

■ The claim that Zavarro was denied equal protection of the law, since his brother's conviction, but not his, was reversed, is frivolous. The *Bruton* error, quite plainly, could only be claimed by Mark, for Isaac's admission was, of course, admissible against himself.

## III.

■ Zavarro claims three denials of the right of cross-examination. First, defense counsel was not permitted to ask an important witness where the witness, who was then in jail, resided. This is Zavarro's most substantial claim. *See, e. g.,* Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

But this claim was not raised in the New York Court of Appeals. Accordingly, I do not consider it. *See* Picard

v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); United States ex rel. Levy v. McMann, 394 F.2d 402, 404–405 (2d Cir. 1968); Watson v. Patterson, 358 F.2d 297 (10th Cir.), cert. denied, 385 U.S. 876, 87 S.Ct. 153, 17 L. Ed.2d 108 (1966); United States ex rel. Di Niro v. Mancusi, 298 F.Supp. 1294, 1295 n.2 (S.D.N.Y.1969). It can still be raised in state courts on a petition for habeas corpus. *See* People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966); People ex rel. Rohrlich v. Follette, 20 N.Y.2d 297, 282 N.Y.S.2d 729, 229 N.E.2d 419 (1967). *But see* People ex rel. Gallo v. Warden, 32 A.D.2d 1051, 1052, 303 N.Y. S.2d 752, 754 (2d Dep't 1969) (dictum). *See generally* People v. A., 36 A.D.2d 859, 321 N.Y.S.2d 747 (2d Dep't 1971). Thus, Zavarro has not exhausted his state remedies on this claim.

■ The next claim was raised in the state courts. Defense counsel was not permitted, in cross-examining the witness Boren, to ask: "[Y]ou are saying that you planned this fire with the Zavarro brothers and that you were part and parcel of it, isn't that a fact?" Boren was an important prosecution witness. The question is significant because the defense was trying to show Boren was an accomplice. This would have had two consequences. First, Boren's testimony standing alone would have been insufficient to convict. Second, it would have impeached his credibility. 3A J. Wigmore, Evidence § 967, at 814 (Chadbourn rev. 1970). The trial judge left the question of whether Boren was an accomplice to the jury.

Had Zavarro's counsel been completely barred from making inquiry as to whether Boren was in fact an accomplice, this claim might have some substance. *Cf.* Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); United States v. Padgent, 432 F.2d 701 (2d Cir. 1970); Gaiten v. Stahl, 327 F.Supp. 415 (W.D.N.C.1971); United States ex rel. Ragazzini v. Brierley, 321 F.Supp. 440 (W.D.Pa.1970).

But that is not the case here. The single question which forms the basis for this claim was asked at the end of a series of questions seeking to establish that Boren was an accomplice. The question itself ("you are saying . . . .") was a recapitulation. Furthermore, Zavarro's position in the Court of Appeals was that, even without Boren's answer to the question at issue here, Boren's other answers established, *as a matter of law*, that he was an accomplice. In short, it is plain that Zavarro was not prevented from cross-examining Boren on this subject.

■ Zavarro's third claim relating to cross-examination is that his attorney was not permitted to question another witness about whether one Eugene Spezak had been charged with an unrelated arson, and whether Spezak was present at the fire Zavarro was charged with setting. Quite apart from whether this was proper cross-examination, this question was not raised in the Court of Appeals, and is not properly before me.

## IV.

■ Zavarro also claims that there was no proof that the fire was "incendiary" in nature, a requisite element of the crime of arson. This is merely a challenge to the sufficiency of the evidence, and does not present a federal question. United States ex rel. Griffin v. Martin, 409 F.2d 1300 (2d Cir. 1969).

■ Zavarro assigns as constitutional error the fact that his *Huntley* hearing, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); People v. Huntley, 15 N.Y.2d 72, 255 N. Y.S.2d 838, 204 N.E.2d 179 (1965), was not held prior to trial, but during trial, prior to taking the testimony of the witness who testified to certain of his admissions. Jackson v. Denno does not require that the hearing be held prior to trial. Zavarro also claims that his attorney was improperly prevented from cross-examining a witness at the Huntley hearing about the witness' health

and recollection. These two claims were not presented to the New York Court of Appeals, and thus are not properly before me either.

The petition for a writ of habeas corpus is denied in all respects and is dismissed.

It is so ordered.