Johnny Crockett **SHIPWASH**, Petitioner,

v.

J. E. **COLLINS**, Superintendent, Respondent.

Civ. A. No. 78–0206–A.

United States District Court, W. D. Virginia, Abingdon Division.

Aug. 30, 1979.

Michael A. Bragg, William Rogers McCall, Bristol, Va., for petitioner.

Robert H. Herring, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM OPINION

GLENN M. WILLIAMS, District Judge.

### I

Johnny Crockett Shipwash comes before this court under 28 U.S.C. § 2254. Mr. Shipwash was convicted of burglary on December 21, 1976, in the Circuit Court of Wythe County, Virginia. Sentence was set at five years in the state penitentiary. A writ of error to the Virginia Supreme Court was rejected on September 13, 1977. This federal action was commenced September 5, 1978, with oral arguments presented on July 25, 1979.

In the writ of error to the Virginia Supreme Court, petitioner made two assignments of error. First, it was argued that the state circuit court misinterpreted Virginia law allowing a presumption of guilt of burglary to be derived from possession of stolen goods. Second, petitioner contended that the trial court erred in refusing to declare a mistrial due to improper arguments by the Commonwealth's Attorney concerning a criminal defendant's right to remain silent.

In this habeas proceeding, petitioner's improper argument contention remains intact, however, he has supplemented the presumption of guilt argument with the burden of production problem associated with *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Specifically, in the state writ of error it was argued that the state law was misapplied, whereas in this proceeding it is contended that the mandate of *Mullaney* renders the state law unconstitutional.

### II

With regard to the petitioner's presumption of guilt argument, the concern now arises as to whether the question was exhausted in the state courts. Title 28 U.S.C. § 2254(b) and (c) states:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it ap-

pears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court requires exhaustion of state remedies as a prerequisite to consideration of each claim presented in § 2254 proceedings. *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Furthermore, the Court has stated:

> We emphasize that the federal claim must be fairly presented to the state courts . . . it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. . . . Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard*, 404 U.S. at 275–76, 92 S.Ct. at 512.

■ It is this court's opinion that the claim presented here differs from that assigned as error to the Virginia Supreme Court. The distinction drawn is between the construction of state law as opposed to its constitutional validity. Being such, the state court never had a fair opportunity to consider the latter claim, nor was it even brought to their attention in petitioner's writ of error. For these reasons, the petitioner's first claim is dismissed for lack of state exhaustion.

It should be clear that this court has not ruled on the *Mullaney* question as it applies to this factual situation. The court has merely held that the petitioner is required to exhaust his claim in the state court system, for example, through the state habeas proceeding. *See Griffin v. Cunningham*, 205 Va. 349, 136 S.E.2d 840 (1964) (any deprivation of a constitutional right of a prisoner may be raised by state habeas corpus).

### III

■ Because petitioner's first claim is dismissed does not lead to the conclusion that the entire habeas petition should be dismissed for lack of exhaustion. Claims on the petition are separable if they do not relate to the same contention, and if the viable one has been fully explored by the state courts. *See Hewett v. State of North Carolina*, 415 F.2d 1316, 1320 (4th Cir. 1969). It is this court's opinion that petitioner's improper argument claim concerning respondent's comments upon petitioner's silence, meets these conditions; it shall be considered below.

### IV

Following are excerpts from the trial transcript which petitioner relies upon in this proceeding. The first passage concerns statements made by the Commonwealth's Attorney during closing argument.

> Exclusive possession was in the possession of Mr. Shipwash. He's put on no evidence to deny that and the burden of going forward with the evidence, the burden of persuasion of the evidence then shifts to the defendant to explain his possession. Now what evidence has he put on to explain—possession of this? (T. 50)

At this point the trial court denied a defense objection and motion for mistrial. After a curative instruction by the court, the Commonwealth's Attorney continued:

> Someone must have some witnesses take the stand testifying in his behalf and explaining where he got this property from and in this case Mr. Shipwash has not put on any evidence whatsoever.
>
> [Y]ou are compelled to find Mr. Shipwash guilty. Based on the Commonwealth's

evidence he is presumed to be guilty and he had (sic) given no explanation or denial of where he got this property.

(T. 51–52)

Then, after defense argument, the following pertinent statements were made in the Commonwealth's rebuttal:

[I]t is presumed that Mr. Shipwash is guilty of this burglary. He has the opportunity to offer some explanation. . . He did not take that opportunity . . I submit to you he did not take that opportunity . . .

[Defense objection]

. . . because he cannot take that opportunity that there is no such witness, that if there had been such a witness, he would have called him, had him here today and thereby defended himself. The law presumes that he is guilty of this charge based on what the Commonwealth has proven.

(T. 63)

In *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the United States Supreme Court expressly held that any comment to the jury by a prosecutor is constitutionally forbidden if it concerns the defendant's failure to testify as to matters which he can reasonably be expected to deny or explain because of facts within his knowledge. Such a comment in these circumstances violates the Self-Incrimination Clause of the Fifth Amendment as made applicable to the states by the Fourteenth Amendment. Also, Virginia has long adhered to a statutory mandate that an accused's "failure to testify shall create no presumption against him, nor be the subject of any comment before the court or jury by the prosecuting attorney." Va. Code Ann. § 19.2–268 (Repl.Vol.1975).

The first question to be answered is whether the Commonwealth Attorney's remarks amounted to an improper reference to the petitioner's failure to testify. Respondent argues that the portions of the transcript quoted above do not constitute an improper reference, and cites his authority as *Newell v. Slayton,* 468 F.2d 888 (4th Cir. 1972); *Hines v. Commonwealth,* 217 Va. 905, 234 S.E.2d 262 (1977); and, *Washington v. Commonwealth,* 216 Va. 185, 217 S.E.2d 815 (1975). However, respondent's authorities are distinguished from the present case.

The *Newell, Hines,* and *Washington* decisions dealt with prosecutional comments on the defendant's witnesses' testimony and/or the lack of defense witnesses. To the contrary are the above quoted passages which repeatedly refer to the petitioner personally and not to the defense witnesses, e. g. "He's put on no evidence," "it's up to the defendant to explain," "what evidence has he put on," "Mr. Shipwash has not put on any evidence," "he had (sic) given no explanation or denial," "he did not take that opportunity." The distinction lies on the emphasis placed between the state of evidence in a case and the fact that defendant has not testified, with the Commonwealth alluding that he should because only the defendant can deny or explain the prosecution's evidence.

In this situation, the general rule may be stated:

That if the prosecution evidence characterized as uncontradicted or undenied, is such that only the defendant himself could or would contradict it, an improper reference to the defendant's failure to testify is shown, and there is some authority indicating that other circumstances, such as repetition of the statement, or its containing a direct reference to the defendant, tend to indicate such a reference. Annot., 14 A.L.R.3d 723, 728 (1967).

Furthermore, in *Elliott v. Commonwealth,* 172 Va. 595, 1 S.E.2d 273 (1939), the Virginia Supreme Court held it reversible error for the Commonwealth's Attorney to state in closing argument that "[t]he defendant has not denied what [a prosecution witness] said."

It is the opinion of this court that the present case falls within the mandate of the general rule stated above. The prosecution's continuous assertions that petitioner

must explain his possession of the stolen goods quite probably led the jury to believe that only petitioner personally could explain such and, if he did not, he was guilty. Similarly, the prosecution placed a burden on petitioner to personally deny he had stolen the goods. These actions by the prosecutor is analogous to *Elliott* and violates the general rule. It follows that petitioner's right against self-incrimination was violated at the state criminal trial.

The final inquiry of this case is now reached: whether or not this constitutional error is to be held harmless. To make this decision, the United States Supreme Court's decision of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), holds this court to two standards. First, "the court must be able to declare a belief that (this action) was harmless beyond a reasonable doubt," and second, to rule that "the State has demonstrated, beyond a reasonable doubt, that the prosecutor's comments . . . did not contribute to petitioners' convictions." 386 U.S. at 24, 26, 87 S.Ct. at 828, 829.

Most cases interpreting the constitutional requirements of *Chapman* have balanced the nature and extent of the prosecutor's remarks against the sufficiency of evidence absent these remarks. This balancing test has been conditioned on whether the violation had a possible effect on the verdict or if there was a lack of any reasonable possibility that the violation had effected the verdict. *See generally* Annot., 24 A.L.R.3d 1093, 1097 (1969).

■ All the prosecution conclusively proved in the present case was that petitioner was in possession of the stolen goods some three hours after the burglary. It was only from the prosecution's repeated assertions that petitioner did not explain or deny this possession that the jury was able to conclude that petitioner broke into the house and stole the goods. Being such, it is impossible to say that the prosecutor's remarks "did not contribute to petitioners' conviction" as is required by *Chapman*. 386 U.S. at 26, 87 S.Ct. at 829.

Furthermore, in support of respondent's burden of proving, beyond a reasonable doubt, that the prosecution's comments did not contribute to petitioner's conviction, 386 U.S. at 24, 26, 87 S.Ct. 824, it can only be pointed out that the trial judge did give curative instructions as to petitioner's right to stand mute. However, such curative instructions have often been held not to remove the error, *see generally* Annot., 24 A.L.R.3d 1093, 1123 (1969), and it could be argued that the instructions only further intensified the jury's adverse opinion as to petitioner's failure to testify. Whatever the case, the instructions are not enough to sustain respondent's burden of proof.

This contested criminal case was extremely weak. A specific intent crime, burglary, was proven only on the conclusive proof of possession. As noted above, it was only through the prosecution's assertions that petitioner must explain his possession that the jury was able to infer the specific intent elements required for a burglary conviction. This situation is extremely analogous to *Fontaine v. California*, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968), in which defendant was convicted on the basis of circumstantial evidence and adverse inferences of his silence establishing specific intent. Under these conditions, the United States Supreme Court held that comments upon defendant's failure to take the stand, constituted reversible error. 390 U.S. at 596, 88 S.Ct. 1229.

Accordingly, it is found that the prosecution's statements were improper and constitute prejudice under *Chapman*.

## V

For the reasons stated above, this court grants petitioner's writ of habeas corpus. However, the writ is stayed for a period of sixty days to afford the Commonwealth a period to retry the petitioner if it be so advised.