**James Clarence MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 242–92.**

Court of Criminal Appeals of Texas, En Banc.

March 10, 1993.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Debbie Hawkins, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

## CONCURRING OPINION TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge, concurring.

Although I agree appellant's petition for discretionary review should be refused, I believe the Court of Appeals' reliance on *Thomas v. State,* 638 S.W.2d 481 (Tex.Cr. App.1982), is misplaced. The Court of Appeals is correct in concluding a comment upon appellant's lack of remorse is not an impermissible comment upon appellant's failure to testify when there is evidence in the record supporting the comment. However, this conclusion, while correct, is more properly drawn from precedents other than *Thomas, supra.* I therefore concur in the refusal of appellant's petition for discretionary review with the following comments.

### I.

Appellant's sole ground for review contends the Court of Appeals erred in overruling appellant's point of error alleging the trial judge erroneously overruled appellant's objection to the prosecutor's closing argument, on appellant's lack of remorse, as an impermissible comment upon his fail-

---

**1.** In criminal cases, out of court, self-serving declarations by the accused are ordinarily inadmissible. *Singletary v. State,* 509 S.W.2d 572, 576 (Tex.Cr.App.1974). Moreover, testimony by third persons as to an accused's self-serving declarations are hearsay and thus are also inadmissible. *DeRusse v. State,* 579 S.W.2d 224, 233 (Tex.Cr.App.1979).

ure to testify. The Court of Appeals relied upon *Thomas* to overrule appellant's point of error. *Moore v. State,* 822 S.W.2d 355, 358–359 (Tex.App.—Houston [1st Dist.] 1992).

In *Thomas,* the prosecutor argued neither defendant's wife nor sister testified defendant was remorseful. We held the argument improper because it faulted the defendant for failing to introduce inadmissible, self-serving testimony.[1] *Thomas,* 638 S.W.2d at 484. Nevertheless, we affirmed because the prosecutor's comments "from the standpoint of a lay jury [did] not constitute a necessary implication that appellant [failed] to testify in his own behalf." *Id.* at 485.

The Court of Appeals compared the instant case to *Thomas* because "[i]n both cases, the prosecutor commented on the testimony of third persons about the defendant's remorse." *Moore,* 822 S.W.2d at 358. The Court held the comment proper because the prosecutor did not comment specifically on appellant's failure to testify at trial and because "there was evidence from two other witnesses that supported the conclusion the appellant was not remorseful." *Id.* The Court of Appeals found the jury could have understood the argument to refer to the testimony of the witnesses. *Id.* at 359.

### II.

A comment upon a defendant's failure to testify violates the Fifth Amendment of the United States Constitution; *Fontaine v. California,* 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968); *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Article I, Sec. 10 of the Texas Constitution; and Tex.Code Crim.Proc.Ann. art. 38.08.[2] *Montoya v. State,* 744 S.W.2d 15, 34 (Tex.Cr.App.1987); *Bird v. State,* 527 S.W.2d 891, 893 (Tex.Cr.App.1975).

---

**2.** Tex.Code Crim.Proc.Ann. art. 38.08 provides:

Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

Argument will constitute a comment upon the defendant's failure to testify if "the language used [is] manifestly intended or [is] of such character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify." *Caldwell v. State*, 818 S.W.2d 790, 800 (Tex.Cr.App.1991). *See also, e.g., Dickinson v. State*, 685 S.W.2d 320, 323 (Tex.Cr.App.1984); *Banks v. State*, 643 S.W.2d 129, 134 (Tex.Cr.App.1982). The facts and circumstances of each case must be analyzed to determine whether the language is of such a character as to direct the jury to the defendant's failure to testify. *Montoya*, 744 S.W.2d at 35; *Dickinson*, 685 S.W.2d at 323.

Moreover, the argument is improper if it directs the jury's attention to an absence of testimony only the defendant could supply. *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Cr.App.1992); *Angel v. State*, 627 S.W.2d 424, 426 (Tex.Cr.App.1982); *Myers v. State*, 573 S.W.2d 19, 21 (Tex.Cr.App.1978). When there is no testimony suggesting the defendant's lack of remorse, a comment upon the lack of remorse would naturally and necessarily be one upon the defendant's failure to testify because only a defendant can testify as to his own remorse. *Swallow*, 829 S.W.2d at 225; *Dickinson*, 685 S.W.2d at 324; *Thomas*, 638 S.W.2d at 483–484.

However, when there is evidence in the record indicating a lack of remorse, a comment upon the defendant's lack of remorse does not naturally and necessarily lead the jury to understand it to be a comment upon the defendant's failure to testify. *Caldwell*, 818 S.W.2d at 800–801; *Davis v. State*, 782 S.W.2d 211, 222–223 (Tex.Cr. App.1989); *Hawkins v. State*, 660 S.W.2d 65, 79 (Tex.Cr.App.1983). Moreover, the comment need not be specifically connected to the evidence indicating lack of remorse so long as the jury could reasonably construe the comment to refer to such evidence. *See, Caldwell*, 818 S.W.2d at 800–801.

Although witnesses may not testify as to a defendant's feelings of remorse, *Swallow*, 829 S.W.2d at 225; *Dickinson*, 685 S.W.2d at 324; *Thomas*, 638 S.W.2d at 483–484, this evidence may come from other sources. For instance, witnesses may testify as to statements and conduct by the defendant that indicate of a lack of remorse, *see, Caldwell*, 818 S.W.2d at 800; *Davis*, 782 S.W.2d at 222–223, or a defendant's courtroom demeanor may provide probative evidence of the defendant's remorse. *See, Hawkins*, 660 S.W.2d at 79 (comment referring to jury's observations of defendant not improper where defendant fell asleep numerous times during trial); *see also, Turner v. State*, 504 S.W.2d 843, 846 (Tex.Cr.App.1974) (comment on defendant's lack of emotion during reading of the verdict held not improper). *But cf., Dickinson*, 685 S.W.2d at 323 (holding that comment upon a defendant's courtroom demeanor is proper only when the record reflects misbehavior or unacceptable conduct before the jury).

In *Caldwell*, the prosecutor argued:

You have had a chance to sit here this whole trial, listen to the evidence, [and] look at the demeanor of the witnesses on the stand. And you have had chance [sic] to look at everything. *See any remorse in this courtroom* other than comes from the—

*Caldwell*, 818 S.W.2d at 800 (sic in original).[3] We held the ambiguous statement might reasonably be interpreted as either an impermissible comment on the accused's failure to testify, or a comment upon the "copious testimony by various witnesses concerning Appellant's apparent lack of remorse following the murders...." *Id.*[4] Therefore, we held "the statement would not *necessarily* and *naturally* be understood by the jury to refer to Appellant's failure to testify...." *Id.* 818 S.W.2d at 801 (emphasis in original).

In *Davis*, testimony was received concerning the defendant's pre-trial state-

---

**3.** Unless otherwise indicated, all emphasis herein is supplied by the author.

**4.** We did not endorse either interpretation but noted them merely as illustrations of the ambiguity of the statement. *Caldwell*, 818 S.W.2d at 800 n. 10.

ments and conduct since arrest, both of which indicated a lack of remorse. *Davis*, 782 S.W.2d at 222. The prosecutor argued: *"He showed no remorse, and he hasn't showed any remorse yet." Id.* We found no error in the prosecutor's statement because the record contained evidence supporting the argument, and therefore, the argument was a proper summation of the evidence. *Id.* 782 S.W.2d at 223.

### III.

In the instant case, testimony was received from the complainant and a police officer concerning conduct by appellant indicating a lack of remorse when appellant was returned to the scene for identification. *Moore*, 822 S.W.2d at 357. During jury argument at the punishment phase, the prosecutor commented:

> Who is somebody who is capable of being rehabilitated? Ask yourselves, somebody who is capable and willing to be rehabilitated should start with some sort of *remorse* for what they have done, and ask yourself if *James Clarence Moore has at one time shown any shred of remorse* for what he did to [complainant].
>
> Defense Counsel: Object to that on commenting on the defendant's failure to testify.
>
> The Court: Overruled.
>
> Prosecutor: *What I'm referring to is the fact that when he was brought back to the scene of the robbery he laughed at her, cursed at her, tried to intimidate her. Is that somebody who is capable of even wanting to be rehabilitated?*

*Id.* The prosecutor's initial comment upon appellant's lack of remorse might reasonably be construed as a reference to either appellant's failure to testify or testimony from the two witnesses. However, the prosecutor subsequently clarified that she was referring to appellant's conduct at the scene as evidenced by the testimony of the witnesses. *Id.* To be improper, the comment must be such that it could only be construed to refer to a defendant's failure to testify; "[i]t is not sufficient that the language used *might* be construed as an implied or indirect allusion [to the defendant's failure to testify]." *Dickinson*, 685 S.W.2d at 323; *see also, Ramos v. State*, 419 S.W.2d 359, 367 (Tex.Cr.App.1967). Further, the comment herein is not improper because it did not direct the jury's attention to a lack of evidence that only appellant could supply. *See, Swallow*, 829 S.W.2d at 225; *Angel*, 627 S.W.2d at 426; *Myers*, 573 S.W.2d at 21.

### IV.

Under the present facts, the Court of Appeals' reliance on *Thomas* is misplaced. The *Thomas* comment referred to evidence not in the record which would have been inadmissible if offered. Conversely, in the instant case, there was evidence in the record supporting the prosecutor's comment. Therefore, the result reached by the Court of Appeals, while correct, is more properly governed by *Caldwell, supra,* and *Davis, supra.*

With these comments, I concur in the result.