Jack P. UPCHURCH, Appellant,

v.

The STATE of Texas, State.

No. 2-83-023-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 7, 1983.

Allan K. Butcher, James Robert Mallory, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Chris Marshall, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION ON MOTION FOR REHEARING

ASHWORTH, Justice.

After granting the State's Motion for Rehearing, we withdraw the original opinion rendered on September 21, 1983, and substitute the following opinion.

Appellant, Jack P. Upchurch, was convicted in the Municipal Court of the City of Arlington of failure to maintain financial responsibility. Appellant appealed his conviction to the county criminal courts of Tarrant County, Texas. After a trial de novo, a jury found appellant guilty and fined him $101.50.

Judgment affirmed.

Appellant, who was riding a motor scooter on a public street, was stopped by an Arlington police officer because the scooter did not have a current safety inspection sticker. Appellant could not provide the officer with proof of insurance. Appellant told the officer he did not have insurance on the scooter.

Appellant's automobile was fully covered by insurance. Although he was fully prepared to pay for damages resulting from a collision while riding the scooter, he did not have a bond or security on file with the Texas Department of Safety.

Appellant's first ground of error alleges his motion for instructed verdict at the close of the State's case should have been granted since there was no evidence his vehicle was not exempt under TEX.REV. CIV.STAT.ANN. art. 6701h, § 33 (Vernon 1977) of the Safety Responsibility Act.

Appellant's second ground of error alleges his conviction is invalid because there was no evidence his vehicle was not exempt under TEX.REV.CIV.STAT.ANN. art. 6701h, § 34 (Vernon 1977) of the Safety Responsibility Act.

A consideration of appellant's first two grounds of error requires that a determination be made as to whether such sections 33 and 34 are exceptions to the Act which must be negated by the State, or whether the sections provide defenses which must be pled and proved by the appellant.

TEX.REV.CIV.STAT.ANN. art. 6701h, § 1A(a) (Vernon Supp.1982–1983), provides no motor vehicle may be operated unless a policy of minimum automobile liability insurance is in effect. TEX.REV.CIV.STAT. ANN. art. 6701h, § 1A(b) (Vernon Supp. 1982–1983) states the following vehicles are exempt: (1) vehicles exempt by section 33 of the Act, and (3) vehicles that are self-insured under section 34 of the Act.

Section 33 states the Act does not apply to any motor vehicle owned by the United States, the State of Texas, or any political subdivision of the State, or any municipality (except as provided by section 35), nor to officers, agents or employees of the United States, the State of Texas, or any political subdivision of the State while driving such vehicle in the course of their employment.

Section 34 of the act provides: (a) that any person in whose name more than twenty-five motor vehicles are registered may qualify as a self-insurer and (b) that the

Department of Public Safety may, in its discretion, upon application of a person, issue a certificate of self-insurance if it is satisfied such person has the ability to pay such judgments as may be obtained against him.

TEX. PENAL CODE ANN. § 2.02(b) (Vernon 1974) provides the prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.

■ The State contends that since sections 33 and 34 are entitled "exemptions", rather than "exceptions", they constitute defenses to the Act and are not required to be disproved by the State. We agree and hold sections 33 and 34 are defenses to the Act and the defendant is obliged to plead and prove his conduct falls within them. We note that the complaint states that the motor vehicle operated by Upchurch was not exempt under section 33 and was not self-insured under section 34. It was not necessary to negate the application of such sections; we consider such negations to be surplusage. Appellant's first and second grounds of error are overruled.

In his third ground of error, appellant contends that the trial court erred by failing to clearly convey the applicable law to the jurors in the court's instructions. Specifically, appellant objected to the use of section numbers within the statute without explanation or definition.

The court's instructions read in part as follows:

Our laws further provide that the following vehicles are exempt from the requirement to maintain financial responsibility to insure against potential losses which may arise out of the operation of a motor vehicle:

1. Vehicles exempt from Section 33 of the Safety Responsibility Act; ...

3. Vehicles that are self-insured under Section 34 of the Safety Responsibility Act; ...

In applying the law to the facts, the court stated that

if you find and believe from the evidence beyond a reasonable doubt that the defendant on or about the 3rd day of May, 1982, in the City of Arlington, Tarrant County, Texas, did then and there unlawfully operate a motor vehicle and you further find and believe from the evidence that at the time and place in question there was not in effect a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility to insure against potential losses which may arise out of the operations of that motor vehicle;

And if you further find that said vehicle was not:

1. A vehicle exempt under the [sic] Section 33 of the Safety Responsibility Act; ...

3. A vehicle that was self-insured under Section 34 of the Safety Responsibility Act; ...

Appellant filed written objections to the charge calling to the attention of the court the use of section numbers within the statute without explanation or definition. His objections were overruled.

■ As stated above, sections 33 and 34 of the Act present defenses to the offense of failure to maintain financial responsibility. It is well settled that an accused is entitled to an affirmative instruction on a defensive issue only if that issue is raised by the evidence. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). The question then arises, if these allegations were pled in the complaint, would this constitute evidence? The pleading of sections 33 and 34 in the complaint was surplusage and the State would not be required to prove those allegations. The fact that the charging instrument attempted to negate these defenses is not conclusive. Unnecessary words or allegations which are not essential to the charging of the offense may be considered surplusage and be disregarded. *Burrell v. State,* 526 S.W.2d 799 (Tex. Cr.App.1975).

In this case, since there was no evidence raising the defenses of section 33 concerning government vehicles or of section 34 relating to self-insurance, appellant was not entitled to a charge on either of these defenses. Going one step further, if appellant was not entitled to a charge on these defenses, failure to define these sections was harmless error. Appellant's ground of error is overruled.

In his ground of error number four, appellant contends that the trial court erred by misstating the law in the jury instruction. Appellant was charged with "the offense of operating a motor vehicle ... without ... having in effect a policy of automobile liability insurance ..." The court's instruction to the jury stated the law

> provid[ed] that no motor vehicle may be operated in this State lawfully, unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility is in effect to insure against potential losses which may arise out of the operation of that motor vehicle.

Appellant claims that since liability insurance is not required under the Act, but is only one of several ways in which financial responsibility can be shown, the court misstated the law in the above-quoted jury instruction. Article 6701h, § 1A(a) of the Act states:

> On and after January 1, 1982, no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.

Subsection (b) of section 1A sets out certain exemptions from the requirements of subsection (a). As noted above, these exemptions are defenses to the offense and not exceptions. Because there was no evidence which would require the inclusion of a defensive charge, the law as stated in the charge was a correct statement of the law.

Appellant's fourth ground of error is overruled.

In appellant's fifth ground of error, he alleges the trial court erred in overruling his objection to the prosecutor's jury argument. In his closing argument, the prosecutor argued "the only issue we are concerned with today is whether or not [appellant] had liability insurance or whether he had proof of that liability insurance."

Appellant's contention is without merit. The defenses set out in art. 6701h, § 1A(b) were not raised by the evidence; therefore, there was only one issue with which the jury need be concerned. The prosecutor's argument was a correct statement of the law. Appellant's fifth ground of error is overruled.

Judgment affirmed.