**George Clayborne HARRISON, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–87–080–CR.

Court of Appeals of Texas, Fort Worth.

March 16, 1989.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty. and Betty Stanton, Asst. Crim. Dist. Atty., Fort Worth, for State.

## OPINION ON STATE'S MOTION FOR REHEARING

KELTNER, Judge.

This court issued its original opinion on rehearing on August 4, 1988. Thereafter, we withdrew our opinion and judgment on our own motion and submitted the case to the court en banc. We now grant the State's motion for rehearing, we withdraw all previous opinions and judgments and

substitute this opinion and judgment therefor.

George Clayborne Harrison was convicted by a jury of the offense of driving while intoxicated. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*-1(b) (Vernon Supp.1989). The trial court assessed his punishment at a $1,000 fine and thirty days in jail, probated for two years, plus completion of an alcohol evaluation, screening, and education program. Harrison brings three points of error on appeal.

We affirm the trial court's judgment.

Early one evening, a Fort Worth Police Officer, Shirley Ozuna, was patrolling Interstate Highway 30 when she observed Harrison's car, traveling at 10 to 15 miles an hour and straddling the line between two lanes. Ozuna turned on her overhead red and blue lights and her siren, but Harrison did not stop his automobile. As a result, Ozuna followed Harrison for some distance. Harrison's car was finally stopped when another police car blocked his path after Harrison had exited Interstate Highway 30. The police officers had to help Harrison out of his car, and both officers testified he could not stand by himself. He smelled strongly of alcohol, and could not perform field sobriety tests. Officer Ozuna then read *Miranda* warnings to Harrison and placed him under arrest for driving while intoxicated.

At the police station, the intoxilyzer operator, Anita Tannenbaum (who was not a police officer), interviewed Harrison on videotape, gave him the "video warning" and statutory DWI warning and asked him to take a breath test. Harrison refused to take the breath test and later refused to take a second sobriety test. The videotape without audio was played for the jury.

In his first point of error, Harrison contends the trial court erred in overruling his objection to the prosecutor's closing argument at the guilt/innocence phase of the trial because the prosecutor commented upon Harrison's failure to testify at the trial. A prosecutor's comment on a defendant's failure to testify offends both the Texas and United States constitutions, as well as the Texas Code of Criminal Proce-

dure. U.S. CONST. amends. V and XIV; TEX. CONST. art. I, secs. 10, 19; TEX. CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979).

■ Although the general rule that the State may not comment on a defendant's failure to testify is easy to state, it is riddled with exceptions and we must apply the rule on a "case by case" basis. For example, before a statement is held to be a comment on the defendant's failure to testify, it must be directly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Allen v. State*, 693 S.W.2d 380, 385 (Tex.Crim.App. 1984); *Banks v. State*, 643 S.W.2d 129, 134 (Tex.Crim.App.1982), *cert. denied*, 464 U.S. 904, 104 S.Ct. 259, 78 L.Ed.2d 244 (1983). In this regard, it is not enough that the language might be construed as an implied or indirect reference to defendant's silence. *Todd v. State*, 598 S.W.2d 286, 294 (Tex. Crim.App.1980). However, if the prosecutor's remark calls the jury's attention to the absence of evidence that could only be supplied by the defendant, the comment is improper and the conviction must be reversed. *Angel v. State*, 627 S.W.2d 424, 426 (Tex.Crim.App.1982).

■ Additionally, a prosecutor's comment on the defendant's failure to testify may be permissible if it was invited by argument of the defendant. *Allen*, 693 S.W.2d at 386. However, any invited argument must be confined to the area of invitation.

■ In the instant case, Harrison objected to the following argument:

As far as the motive for police officers, I got two police officers and Anita Tannenbaum that sat up there and told basically the same story about how that man looked on the night of November the 11th, 1985.... Three different people that saw him out there that day. *Nobody else in this courtroom besides who was out there that day testified from this stand.* [Emphasis added.]

Harrison's objection was immediately overruled by the trial court.

The State makes several arguments that the final argument is not reversible error. First, the State claims that the argument was invited by the following argument of the defense counsel:

[B]ecause I'll tell you one thing right now, in my opinion, and based upon the evidence: Officer Tannenbaum does not corroborate either one of the other two officers, and the officers don't corroborate themselves, either.

Now if they don't corroborate, there are conflicts. And if the conflicts are such that somebody ain't telling the exact truth, I submit to you there's a reasonable doubt as to their opinions and conclusions, also.

There is no doubt that the defendant's argument invited much of the State's response in rebuttal. However, invited argument cannot exceed the invitation. The argument, "Nobody else in this courtroom besides who was out there that day testified from this stand" was not invited by any arguments made by defense counsel.

Second, the State contends the argument was not "necessarily" a reference to Harrison's failure to testify. Instead, the State argues it is "more likely that the prosecutor was simply pointing out that there was no evidence of any motive for the police officers to lie." We do not agree.

It is obvious that the prosecutor was attempting to point out that the State's witnesses' testimony was basically consistent with one another. This type of closing argument is permissible because it is a summation of the evidence. However, the prosecutor went further and emphasized that no one in the courtroom who was at the scene or the police station, contradicted the State's witnesses. This remark necessarily focused the jury's attention on a narrow group of people who had been involved in the arrest and detention and who also appeared in the courtroom. The record before us reflects that Harrison was the only person who fell within this category who did not testify.

Third, the State contends that the argument could have referred to the "friends" with whom Harrison had allegedly been before his arrest. If the State is correct, the comment is not a direct referral to the defendant's failure to testify. However, we find the argument implausible.

The only reference to the "friends" was from Ozuna, who testified that Harrison related he had been with friends earlier that day. It is important to note that none of the "friends" testified and our record does not reflect they were in the courtroom during the trial. Furthermore, all of the testimony from the State's witnesses centered around Harrison's action on the expressway, his arrest on the access road, and his appearance at the station. The friends were not witnesses to this activity. The evidence demonstrates that only three people were at the scene of the arrest, the two arresting officers and Harrison. Therefore, the jury's attention was focused on the only person who did not testify: the defendant Harrison.

In fairness to the prosecutor, we must note that the offending passage is merely a sentence out of an entire final argument. Nothing in the remainder of the argument indicates that the prosecutor was attempting to comment on Harrison's failure to testify. As a result, we choose to believe that the prosecutor did not intend to directly comment on the defendant's failure to testify. Nonetheless, there was error because the statement, even when taken in context, was of such a character that the jury would naturally and necessarily take it to be a comment on Harrison's failure to testify.

■ We must now determine if the error was harmful to Harrison under TEX.R. APP.P. 81(b)(2). *Stahl v. State*, 749 S.W. 2d 826, 829–32 (Tex.Crim.App.1988) (opinion on reh'g). Rule 81(b)(2) provides if an appellate court finds error, then the judgment shall be reversed unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or the punishment. *See Montoya v. State*, 744 S.W.2d 15, 35 (Tex. Crim.App.1987) (opinion on reh'g); TEX.R. APP.P. 81(b)(2).

In the instant case we must review the facts in order to determine what effect the improper jury argument had, if any. The record reflects that Harrison was driving alone in his car. Harrison straddled his car across two lanes of traffic and drove ten to fifteen miles per hour on the interstate highway. Further, Harrison ignored the police car's flashing lights and stopped only when another police car blocked its passage.

Additionally, the police officers testified that Harrison could not stand up by himself, could not respond to their questions, could not perform the field sobriety tests, and smelled strongly of alcohol.

After reviewing the record we conclude the evidence of Harrison's intoxication was overwhelming. Further, the improper jury argument was brief and arguably unintentional. As a result we find beyond a reasonable doubt that the jury argument, though improper, made no contribution to the jury's determination of guilt or punishment. Accordingly, we overrule the first point of error.

In his third point of error, Harrison complains the trial court erred in overruling his objection to the prosecutor's alleged improper reference to punishment during the guilt/innocence stage of the trial. The prosecutor stated:

Finally, ladies and gentlemen, I want to say this to you: that the State of Texas has presented to you a case on some conduct which is not conduct— we're not saying that this man is a bad person. We're talking about the fact that this is an irresponsible person on November the 11th, 1985. We're not punishing him and we're not trying to—

Harrison argues that the jury was being asked to assess punishment during the guilt/innocence stage of the trial and that no curative instruction was given.

■ We are constrained to note that no curative instruction was given because Harrison never requested an instruction to disregard. Therefore, any error was waived. *See Brooks v. State,* 642 S.W.2d 791, 798 (Tex.Crim.App.1982); *Duran v. State,* 505 S.W.2d 863, 866 (Tex.Crim.App.

1974). More importantly, the jury argument was proper. The remark, "[w]e're not punishing him...." was a correct and proper statement of fact and law. *See Upchurch v. State,* 660 S.W.2d 891, 894 (Tex.App.—Fort Worth), *aff'd,* 703 S.W.2d 638 (Tex.Crim.App.1983). We overrule point of error three.

■ In his second point of error, Harrison complains the trial court committed reversible error by admitting evidence of his refusal to take a breath/alcohol test. Specifically, Harrison contends that article 6701*l*–5, sec. 2(b) requires that a police officer give the statutory warning of the consequences for the refusal to give a breath specimen. TEX.REV.CIV.STAT. ANN. art. 6701*l*–5, secs. 2, 3 (Vernon Supp. 1989). Harrison asserts that since the operator was not a police officer, the proper warning was not given and evidence of his refusal to take a breath test is inadmissible under TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1989).

Article 6701*l*–5 requires that a peace officer give the required breath test refusal warning, stating:

Sec. 2. (a) ... [I]f a person under arrest refuses, upon the *request of a peace officer,* to give a specimen designated by the peace officer as provided in Section 1, none shall be taken.

(b) Before requesting a person to give a *specimen, the officer shall inform the person orally* and in writing....

. . . .

Sec. 3. (a) Upon the trial of any criminal action or proceeding ... evidence of the alcohol concentration ... as shown by analysis of a specimen of the person's blood, breath, urine, or any other bodily substances taken at the request or order of a *peace officer,* shall be admissible.

. . . .

(g) If the person refuses a request *by an officer* to give a specimen of breath or blood, whether the refusal was express or the result of an intentional failure of the person to give the specimen, that fact

may be introduced into evidence at the person's trial.

*Id.* (emphasis added).

This language requires that the statutory warnings must be given by a peace officer as that term is defined in TEX. CODE CRIM.PROC.ANN. art. 2.12 (Vernon Supp.1989).

However, the State argues that the term "officer" used in sections 2(b) and 3(g), is directory rather than mandatory. Simply stated, the State contends the essence of sections 2(b) and 3(g) is the *giving* of this statutory warning about the consequences of refusing to give a specimen, rather than *who* gives the warnings.

We agree that the essence of sections 2(b) and 3(g) is the giving of the warnings. Nonetheless, the statute plainly requires that a peace officer give the essential warning.

However, the failure of a police officer to give the warning does not render Harrison's refusal to take a breath test automatically inadmissible under TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1989). Harrison did not attempt to prove that his refusal to take a breath test was caused because the statutory warning was given by a person who was not a peace officer. To the contrary, our viewing of the videotape demonstrated that Harrison refused to take the breath test before the statutory warning was completed and re-peated his refusal after the warning was completed. Thereafter, Harrison admitted he understood the warning.

In an analogous situation, the Court of Criminal Appeals has held that the admissibility of a confession is not affected by the failure to take an accused before a magistrate, absent a showing of causal connection between the failure and the confession. *Waller v. State,* 648 S.W.2d 308, 311 (Tex. Crim.App.1983); *Maloy v. State,* 582 S.W. 2d 125, 128 (Tex.Crim.App. [Panel Op.] 1979); *Von Byrd v. State,* 569 S.W.2d 883, 893–94 (Tex.Crim.App.1978).

Therefore, we hold that absent a showing of causal connection between Harrison's refusal to give a breath specimen and the fact that a civilian employee gave the warning, there was no error in admitting evidence of Harrison's refusal to take the breath test.

Having overruled all of Harrison's points of error, we affirm the judgment of the trial court.

WEAVER, C.J., and MEYERS, J., not sitting.