02-10-245-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00275-CR

 

 


 
 
 Severiano Flores Garcia
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 271st
District Court OF Wise COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          A jury found Appellant Severiano Flores Garcia
guilty of felony driving while intoxicated and assessed his punishment at six
years’ confinement.  The trial court sentenced him accordingly.  In a single
issue, Garcia argues that the trial court erred by overruling his objection to
the prosecutor’s comment on his failure to testify.  We will affirm.

II.  Factual and Procedural Background

Around 8:45 one night, Wise County
Police Officer Travis Waddell was off duty and driving northbound on Thirteenth
Street in Bridgeport, Texas when he noticed a vehicle in front of him make a
wide left turn, drive onto the shoulder, and nearly strike a curb.  Officer
Waddell followed the vehicle and observed it twice drift across the double
yellow line and quickly return to the correct lane.  At that point, Officer
Waddell saw a Bridgeport patrol unit driven by Officer Gregory Romine, and Officer
Waddell flagged him down.  Officer Waddell relayed what he had seen to Officer
Romine, who began following the vehicle as well.  After observing the vehicle turn
without signaling, Officer Romine initiated a traffic stop.  The driver,
Garcia, took long pauses in answering the officer’s questions and was slow to get
out of his vehicle; when he did get out, his vehicle rolled forward because it
was not in gear.  Officer Romine smelled alcohol on Garcia’s breath and noticed
that he walked with a stagger and had blood shot eyes.  Garcia told Officer
Romine that he had consumed two beers, and the officer saw two open beer cans and
one unopened beer can in Garcia’s vehicle.  Officer Romine attempted to
complete the horizontal gaze nystagmus test on Garcia, but he would not comply.

Bridgeport Police Officer Chris Foster
arrived about fifteen minutes after the stop to assist Officer Romine.  Officer
Foster also noticed that Garcia smelled strongly of alcohol, stumbled, and slurred
his speech.  Officer Romine placed Garcia under arrest, which took over a
minute because Garcia did not cooperate with the officer.  Garcia refused to sign
the DIC-24 statutory warnings and did not give a breath specimen.

At Garcia’s trial, Officers Waddell,
Foster, and Romine testified for the State.  The State also offered into
evidence a videotape of the stop, the DIC-24 statutory warnings, and evidence
of Garcia’s two prior DWI convictions.  The defense did not present any
evidence.

III.  Jury Argument

In a single issue, Garcia argues that
the trial court erred by overruling his objection to the prosecutor’s improper
comment on his failure to testify during closing arguments at the
guilt/innocence stage of the trial and that the error contributed to his
conviction.

A.  The
Complained-of Comments

The prosecutor began his closing
arguments with, “Ladies and gentlemen, all the testimony you heard came from
four sources; those three officers and a video; that’s it, that’s all there is
in this case.”  Garcia immediately objected to the statement as an allusion to
his failure to testify, and the trial court overruled the objection.

B.  Law
on Comments on Failure to Testify

A comment on an accused’s failure to
testify violates the accused’s state and federal constitutional privileges
against self-incrimination.  Moore v. State, 849 S.W.2d 350, 351 (Tex.
Crim. App. 1993); Smith v. State, 65 S.W.3d 332, 339 (Tex. App.—Waco
2001, no pet.).  In addition, the code of criminal procedure provides that a
defendant’s failure to testify on his own behalf may not be held against him
and that counsel may not allude to the defendant’s failure to testify. Tex.
Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

To determine if a prosecutor’s comment
constituted an impermissible reference to an accused’s failure to testify and
violated article 38.08, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on the defendant’s failure to
testify.  See Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App.
2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026 (1999).  The offending language must be viewed from
the jury’s standpoint, and the implication that the comment referred to the
accused’s failure to testify must be clear.  Bustamante, 48 S.W.3d at
765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  A
mere indirect or implied allusion to the defendant’s failure to testify does
not violate the accused’s right to remain silent.  Wead v. State, 129
S.W.3d 126, 130 (Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d
481, 490–91 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106 (1996). 
A remark that calls attention to the absence of evidence only the defendant can
supply will result in reversal, but “if the language can reasonably be
construed to refer to appellant’s failure to produce evidence other than his
own testimony, the comment is not improper.”  Patrick, 906 S.W.2d at
491.

C.  Prosecutor
Did Not Comment on Garcia’s Failure to Testify

The comment at issue here—that all of the
evidence in the case came from the three officers and the video of the stop,
“that’s it”—was, at most, an indirect allusion to Garcia’s failure to testify. 
See Wead, 129 S.W.3d at 130; Patrick, 906 S.W.2d at 490–91.  Viewed
from the jury’s standpoint, the statement could reasonably be construed as a
comment on, or summation of, the evidence presented at trial; as a comment on
Garcia’s failure to submit to breath and field sobriety tests; and as a comment
on his failure to produce any evidence at trial—not just his own testimony.  See,
e.g., Harris v. State, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth
2003, pet. ref’d) (upholding as proper prosecutor’s comment that pointed to
lack of testimony from other witnesses concerning any motive to falsely accuse defendant);
see also Benn v. State, 110 S.W.3d 645, 650–51 (Tex. App.—Corpus Christi
2003, no pet.) (holding that comment to “consider not only who you heard, but
who you didn’t hear,” was proper summation of the evidence); Jordan v. State,
897 S.W.2d 909, 913 (Tex. App.—Fort Worth 1995, no pet.) (upholding as proper
comments directed at defendant’s refusal to consent to breath or blood test). 
The complained-of comment did not clearly reference Garcia’s failure to testify
or otherwise refer to a particular aspect of the case that only Garcia’s
testimony could refute.  Compare Livingston v. State, 739 S.W.2d
311, 338 (Tex. Crim. App. 1987) (holding prosecutor’s comment on appellant’s
power of subpoena to call witnesses to explain his actions “did not refer to
some particular aspect of the case that only appellant’s testimony could refute”
or call into question appellant’s right to remain passive), cert. denied,
487 U.S. 1210 (1988), with Crocker v. State, 248 S.W.3d 299, 304–05 (Tex.
App.―Houston [1st Dist.] 2007, pet. ref’d) (holding prosecutor’s
reference to defendant’s power of subpoena drew attention to absence of
evidence that only defendant could supply and improperly alluded to defendant’s
failure to testify), and Harrison v. State, 766 S.W.2d 600, 602–03
(Tex. App.―Fort Worth 1989, pet. ref’d) (holding
prosecutor’s comment that “[n]obody else in this courtroom besides who was out
there that day testified from this stand” was improper because jury would
necessarily take it as comment on defendant’s failure to testify).

          We conclude that the prosecutor’s comment was
not manifestly intended to refer to Garcia’s failure to testify and that it was
not of such a character that the jury would necessarily have considered it to be
a comment on his failure to testify.  See Bustamante, 48 S.W.3d at 765; Patrick,
906 S.W.2d at 491.

D.  Even
Assuming Error, the Error was Harmless

Furthermore, even assuming the prosecutor’s
comment was an improper comment on Garcia’s failure to testify, any error was
harmless.  We apply a rule 44.2(a) constitutional harm analysis to comments on
a defendant’s failure to testify and reverse unless we determine beyond a
reasonable doubt that the error did not contribute to the appellant’s
conviction or punishment.  See Tex. R. App. P. 44.2(a); Williams v.
State, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless
error” test, our primary question is whether there is a “reasonable possibility”
that the error might have contributed to the conviction.  Mosley v. State,
983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), cert. denied, 526
U.S. 1070 (1999).

Our harmless error analysis should not
focus on the propriety of the outcome of the trial; instead, we should
calculate as much as possible the probable impact on the jury in light of the
existence of other evidence.  Wesbrook v. State, 29 S.W.3d 103, 119
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).  We consider
the source and nature of the error, the extent that it was emphasized by the
State, its probable collateral implications, the weight a juror would probably
place on the error, and whether declaring it harmless would be likely to
encourage the State to repeat it with impunity.  Harris v. State, 790
S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the
entire record in a neutral, impartial, and even-handed manner, not “in the
light most favorable to the prosecution.”  Id. at 586.

          Our neutral, impartial review of the record
demonstrates that the prosecutor’s comment summarized the evidence presented to
the jury at trial; that the comment was, at most, an indirect reference to
Garcia’s failure to testify; that the prosecutor did not repeat or emphasize
the statement; and that a juror would probably not attribute much, if any,
weight to any alleged error in the comment.

The jury was informed by both the State
and the trial court that it could not consider Garcia’s failure to testify.  In
its rebuttal argument, the State distinguished Garcia’s right to refuse a
breath test and field sobriety test from his right not to testify.  The State
explained that the jury could not “use the fact that [Garcia] didn’t offer any
evidence; that’s a whole different right; that’s a Fifth Amendment Right.  [The
right to refuse to submit to breath and field sobriety testing] is a different
kind.  You can use that against him.”  The trial court’s charge to the jury
also included an instruction not to consider Garcia’s failure to testify, and
the jury is presumed to follow this instruction.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

After reviewing the record and applying
the required harm analysis under rule 44.2(a), we hold beyond a reasonable
doubt that, even assuming that the trial court erred by overruling Garcia’s
objection to the complained-of comment, any error did not contribute to Garcia’s
conviction.  See Tex. R. App. P. 44.2(a).  We overrule Garcia’s sole
issue.

IV.  Conclusion

          Having overruled Garcia’s sole issue, we affirm
the trial court’s judgment.

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
April 28, 2011









[1]See Tex. R. App. P. 47.4.