

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00275-CR

SEVERIANO FLORES GARCIA                                         APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

A jury found Appellant Severiano Flores Garcia guilty of felony driving while intoxicated and assessed his punishment at six years' confinement. The trial court sentenced him accordingly. In a single issue, Garcia argues that the trial court erred by overruling his objection to the prosecutor's comment on his failure to testify. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Around 8:45 one night, Wise County Police Officer Travis Waddell was off duty and driving northbound on Thirteenth Street in Bridgeport, Texas when he noticed a vehicle in front of him make a wide left turn, drive onto the shoulder, and nearly strike a curb. Officer Waddell followed the vehicle and observed it twice drift across the double yellow line and quickly return to the correct lane. At that point, Officer Waddell saw a Bridgeport patrol unit driven by Officer Gregory Romine, and Officer Waddell flagged him down. Officer Waddell relayed what he had seen to Officer Romine, who began following the vehicle as well. After observing the vehicle turn without signaling, Officer Romine initiated a traffic stop. The driver, Garcia, took long pauses in answering the officer's questions and was slow to get out of his vehicle; when he did get out, his vehicle rolled forward because it was not in gear. Officer Romine smelled alcohol on Garcia's breath and noticed that he walked with a stagger and had blood shot eyes. Garcia told Officer Romine that he had consumed two beers, and the officer saw two open beer cans and one unopened beer can in Garcia's vehicle. Officer Romine attempted to complete the horizontal gaze nystagmus test on Garcia, but he would not comply.

Bridgeport Police Officer Chris Foster arrived about fifteen minutes after the stop to assist Officer Romine. Officer Foster also noticed that Garcia smelled strongly of alcohol, stumbled, and slurred his speech. Officer Romine placed Garcia under arrest, which took over a minute because Garcia did not cooperate

2

with the officer. Garcia refused to sign the DIC-24 statutory warnings and did not give a breath specimen.

At Garcia's trial, Officers Waddell, Foster, and Romine testified for the State. The State also offered into evidence a videotape of the stop, the DIC-24 statutory warnings, and evidence of Garcia's two prior DWI convictions. The defense did not present any evidence.

### III. JURY ARGUMENT

In a single issue, Garcia argues that the trial court erred by overruling his objection to the prosecutor's improper comment on his failure to testify during closing arguments at the guilt/innocence stage of the trial and that the error contributed to his conviction.

### A. The Complained-of Comments

The prosecutor began his closing arguments with, "Ladies and gentlemen, all the testimony you heard came from four sources; those three officers and a video; that's it, that's all there is in this case." Garcia immediately objected to the statement as an allusion to his failure to testify, and the trial court overruled the objection.

### B. Law on Comments on Failure to Testify

A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination. *Moore v. State*, 849 S.W.2d 350, 351 (Tex. Crim. App. 1993); *Smith v. State*, 65 S.W.3d 332, 339 (Tex. App.—Waco 2001, no pet.). In addition, the code of criminal procedure

provides that a defendant's failure to testify on his own behalf may not be held against him and that counsel may not allude to the defendant's failure to testify. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

To determine if a prosecutor's comment constituted an impermissible reference to an accused's failure to testify and violated article 38.08, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify. *See Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999). The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996). A remark that calls attention to the absence of evidence only the defendant can supply will result in reversal, but "if the language can reasonably be construed to refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper." *Patrick*, 906 S.W.2d at 491.

## C. Prosecutor Did Not Comment on Garcia's Failure to Testify

The comment at issue here—that all of the evidence in the case came from the three officers and the video of the stop, "that's it"—was, at most, an indirect allusion to Garcia's failure to testify. *See Wead*, 129 S.W.3d at 130; *Patrick*, 906 S.W.2d at 490–91. Viewed from the jury's standpoint, the statement could reasonably be construed as a comment on, or summation of, the evidence presented at trial; as a comment on Garcia's failure to submit to breath and field sobriety tests; and as a comment on his failure to produce any evidence at trial— not just his own testimony. *See, e.g.*, *Harris v. State*, 122 S.W.3d 871, 884 (Tex. App.—Fort Worth 2003, pet. ref'd) (upholding as proper prosecutor's comment that pointed to lack of testimony from other witnesses concerning any motive to falsely accuse defendant); *see also Benn v. State*, 110 S.W.3d 645, 650–51 (Tex. App.—Corpus Christi 2003, no pet.) (holding that comment to "consider not only who you heard, but who you didn't hear," was proper summation of the evidence); *Jordan v. State*, 897 S.W.2d 909, 913 (Tex. App.—Fort Worth 1995, no pet.) (upholding as proper comments directed at defendant's refusal to consent to breath or blood test). The complained-of comment did not clearly reference Garcia's failure to testify or otherwise refer to a particular aspect of the case that only Garcia's testimony could refute. *Compare Livingston v. State*, 739 S.W.2d 311, 338 (Tex. Crim. App. 1987) (holding prosecutor's comment on appellant's power of subpoena to call witnesses to explain his actions "did not refer to some particular aspect of the case that only appellant's testimony could refute" or call

into question appellant's right to remain passive), *cert. denied*, 487 U.S. 1210 (1988), *with Crocker v. State*, 248 S.W.3d 299, 304–05 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding prosecutor's reference to defendant's power of subpoena drew attention to absence of evidence that only defendant could supply and improperly alluded to defendant's failure to testify), *and Harrison v. State*, 766 S.W.2d 600, 602–03 (Tex. App.—Fort Worth 1989, pet. ref'd) (holding prosecutor's comment that "[n]obody else in this courtroom besides who was out there that day testified from this stand" was improper because jury would necessarily take it as comment on defendant's failure to testify).

We conclude that the prosecutor's comment was not manifestly intended to refer to Garcia's failure to testify and that it was not of such a character that the jury would necessarily have considered it to be a comment on his failure to testify. *See Bustamante,* 48 S.W.3d at 765; *Patrick*, 906 S.W.2d at 491.

### D. Even Assuming Error, the Error was Harmless

Furthermore, even assuming the prosecutor's comment was an improper comment on Garcia's failure to testify, any error was harmless. We apply a rule 44.2(a) constitutional harm analysis to comments on a defendant's failure to testify and reverse unless we determine beyond a reasonable doubt that the error did not contribute to the appellant's conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction.

6

*Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001). We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not "in the light most favorable to the prosecution." *Id.* at 586.

Our neutral, impartial review of the record demonstrates that the prosecutor's comment summarized the evidence presented to the jury at trial; that the comment was, at most, an indirect reference to Garcia's failure to testify; that the prosecutor did not repeat or emphasize the statement; and that a juror would probably not attribute much, if any, weight to any alleged error in the comment.

The jury was informed by both the State and the trial court that it could not consider Garcia's failure to testify. In its rebuttal argument, the State distinguished Garcia's right to refuse a breath test and field sobriety test from his

right not to testify.  The State explained that the jury could not "use the fact that [Garcia] didn't offer any evidence; that's a whole different right; that's a Fifth Amendment Right.  [The right to refuse to submit to breath and field sobriety testing] is a different kind.  You can use that against him."  The trial court's charge to the jury also included an instruction not to consider Garcia's failure to testify, and the jury is presumed to follow this instruction.  *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).

After reviewing the record and applying the required harm analysis under rule 44.2(a), we hold beyond a reasonable doubt that, even assuming that the trial court erred by overruling Garcia's objection to the complained-of comment, any error did not contribute to Garcia's conviction.  *See* Tex. R. App. P. 44.2(a). We overrule Garcia's sole issue.

## IV.  CONCLUSION

Having overruled Garcia's sole issue, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 28, 2011