COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOHN CLAUDE SELLA, | § | |
| | | No. 08-11-00028-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 213th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 0961525D) |
| | § | |

## **O P I N I O N**

John Claude Sella appeals his felony conviction for driving while intoxicated. Sella contends that during the State's closing argument, the trial court erred by overruling his objection to a rhetorical question asked by the State which Sella argues was a comment on his failure to testify. Finding no error, we affirm.

## BACKGROUND

Sella was stopped for erratic driving at approximately 1 a.m. on October 7, 2004, by Lieutenant Michael Wilson of the Keller Police Department in Tarrant County, Texas. Wilson testified that Sella failed to signal a left turn while waiting for a traffic light in the left turn lane at an intersection. When the light changed, Sella did not turn left, but instead made a right hand turn out of the left turn lane. Wilson told the jury that he followed the vehicle and saw it signal a right turn and turn sharply right, almost hitting the curb. The problem with this maneuver was that there was no street available on which to make a right turn at that time. The driver corrected his mistake, straightened the vehicle, and continued. At the next intersection, the

vehicle attempted to make a U-turn, at which time Wilson activated his overhead lights to make a traffic stop. Sella stopped his vehicle slightly beyond a stop sign at the intersection, and then continued forward and pulled into a private parking lot driveway.

Wilson testified that he made contact with the driver and requested the individual's drivers' license and proof of insurance, which Sella provided. During this time, Wilson noted that Sella had slurred speech, bloodshot, watery eyes, and smelled of alcohol. Upon questioning, Sella informed Wilson that he had had one beer. After conducting a check to determine whether Sella had an outstanding arrest warrant and to request backup, Wilson returned to Sella's vehicle to conduct a field sobriety test. Wilson told the jury that he had to repeat the instructions for the horizontal gaze nystagmus test to Sella several times and that Sella exhibited six out of a possible six intoxication clues. Sella was unable to maintain his balance long enough to listen to Wilson's instructions regarding the walk and turn test. Sella was unable to adequately perform the one-leg stand field test, exhibiting three out of a possible four intoxication clues. Based on these factors, as well as Sella's erratic driving, Wilson arrested Sella for driving while intoxicated.

Prior to having Sella's vehicle towed, Wilson inventoried the contents of the vehicle. In the vehicle's center console, Wilson located a three-quarters full 16-ounce can of beer. He also found a full 16-ounce can of beer attached to a plastic six-pack ring.

During the State's closing argument, the prosecutor stated:

> There was a cold to the touch 16-ounce open container inside the vehicle and another one left in the six pack. Officer, I only had one beer. What happened to [the] other four beers?

Sella objected to the question arguing that because only he could answer, it constituted a

-2-

comment on his right not to testify. The trial court overruled Sella's objection, denied his motion for mistrial, and the prosecutor again asked "[w]hat happened to the other four?"

## DISCUSSION

On appeal, Sella complains that he "was denied his right to remain silent, and to not be compelled to testify when [the prosecutor] commented upon his failure to testify during closing arguments, which was in violation of Sella's right against self-incrimination under the fifth amendment of the United States Constitution, Article I, Section X of the Texas Constitution, and the prohibition upon the state commenting on a defendants [sic] failure to testify as provided in Article 38.08 of the Texas Code of Criminal Procedure, and is, therefore an abuse of discretion."

The State counters that its arguments were a proper summation of the evidence before the trial court, including reasonable inferences from that evidence, and the prosecutor's rhetorical question was not a comment on Sella's failure to testify. The State argues in the alternative that the prosecutor's comment caused no harm to Sella.

## STANDARD OF REVIEW

In determining whether the State engaged in improper jury argument, we consider the entire argument presented, not isolated sentences. *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref'd). Generally, proper jury argument consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex.Crim.App. 2000); *Morales v. State,* 11 S.W.3d 460, 463 (Tex.App.--El Paso 2000, pet. ref'd).

A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination. *Moore v. State,* 849 S.W.2d 350, 351 (Tex.Crim.App. 1993); *Smith v. State,* 65 S.W.3d 332, 339 (Tex.App.--Waco 2001, no pet.). In addition, the Code of Criminal Procedure provides that a defendant's failure to testify on his own behalf may not be held against him and that counsel may not allude to the defendant's failure to testify. TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2005).[1]

To determine if a prosecutor's comment constituted an impermissible reference to an accused's failure to testify and violated article 38.08, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify. *See Bustamante v. State,* 48 S.W.3d 761, 765 (Tex.Crim.App. 2001); *Fuentes v. State,* 991 S.W.2d 267, 275 (Tex.Crim.App.), *cert. denied,* 528 U.S. 1026 (1999). The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear. *Bustamante,* 48 S.W.3d at 765; *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Crim.App. 1992). A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent. *Wead v. State,* 129 S.W.3d 126, 130 (Tex.Crim.App. 2004); *Patrick v. State,* 906 S.W.2d 481, 490–91 (Tex.Crim.App. 1995), *cert. denied,* 517 U.S. 1106 (1996). A remark that calls attention to the absence of evidence only the defendant can supply will result in reversal, but "if the language can reasonably be construed to

---

[1] "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." TEX. CODE CRIM. PROC. ANN. art. 38.08 (West 2005). The statute's intent is to prohibit prosecutors from urging the jury to draw conclusions regarding the defendant 's guilt from his failure to testify. *See, e.g., Randolph v. State,* 353 S.W.3d 887, 891 (Tex.Crim.App. 2011) ("In assessing whether the defendant's Fifth Amendment right has been violated, courts must view the State's argument from the jury's

refer to appellant's failure to produce evidence other than his own testimony, the comment is not improper." *Patrick,* 906 S.W.2d at 491.

The comment/rhetorical question at issue here—"[w]hat happened to [the] other four beers"—was, at most, an indirect allusion to Sella's failure to testify. *See Wead,* 129 S.W.3d at 130; *Patrick,* 906 S.W.2d at 490–91. Viewed from the jury's standpoint, the statement could reasonably be construed as a comment on, or summation of, the evidence presented at trial; as a comment on Sella's failure to submit to breath analysis and a second field sobriety test; as a comment on his failure to produce any evidence at trial; and/or as a comment on his statement that he had only one beer, in spite of the four beers missing from the plastic six pack ring—not just his own testimony. *See, e.g., Jordan v. State,* 897 S.W.2d 909, 913 (Tex.App.--Fort Worth 1995, no pet.) (upholding as proper comments directed at defendant's refusal to consent to breath or blood test). The complained-of comment did not clearly reference Sella's failure to testify or otherwise refer to a particular aspect of the case that only his testimony could refute. *Compare Livingston v. State,* 739 S.W.2d 311, 338 (Tex.Crim.App. 1987) (prosecutor's comment on appellant's power of subpoena to call witnesses to explain his actions "did not refer to some particular aspect of the case that only appellant's testimony could refute" or call into question appellant's right to remain passive), *cert. denied,* 487 U.S. 1210 (1988), *with Crocker v. State,* 248 S.W.3d 299, 304–05 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd) (prosecutor's reference to defendant's power of subpoena drew attention to absence of evidence that only defendant could supply and improperly alluded to defendant's failure to testify), *and Harrison v. State,* 766 S.W.2d 600, 602–03 (Tex.App.--Fort Worth 1989, pet. ref'd) (prosecutor's comment that

---

standpoint and resolve any ambiguities in the language in favor of it being a permissible argument.").

"[n]obody else in this courtroom besides who was out there that day testified from this stand" was improper because jury would necessarily take it as comment on defendant's failure to testify). Moreover, during closing argument, Sella's counsel repeatedly referred to "one beer" or "a beer."

We conclude that the prosecutor's comment was not manifestly intended to refer to Sella's failure to testify and that it was not of such a character that the jury would necessarily have considered it to be a comment on his failure to testify. *See Bustamante,* 48 S.W.3d at 765; *Patrick,* 906 S.W.2d at 491.

Finally, even assuming the prosecutor's comment was an improper comment on Sella's failure to testify, any error was harmless. We apply a Rule 44.2(a) constitutional harm analysis to comments on a defendant's failure to testify and reverse unless we determine beyond a reasonable doubt that the error did not contribute to the appellant's conviction or punishment. *See* TEX. R. APP. P. 44.2(a); *Williams v. State,* 958 S.W.2d 186, 194 (Tex.Crim.App. 1997). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the conviction. *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).

Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence. *Wesbrook v. State,* 29 S.W.3d 103, 119 (Tex.Crim.App. 2000), *cert. denied,* 532 U.S. 944 (2001). We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the

State to repeat it with impunity. *Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not "in the light most favorable to the prosecution." *Id.* at 586, *quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Our neutral, impartial review of the record demonstrates that the prosecutor's comment summarized the evidence presented to the jury at trial; that the comment was, at most, an indirect reference to Sella's failure to testify; that the prosecutor did not repeat or emphasize the statement following Sella's objections; and that a juror would probably not attribute much, if any, weight to any alleged error in the comment.

Moreover, in its instructions, the trial court informed the jury that it could not consider Sella's failure to testify as a circumstance against him, and instructed the jury "[y]ou will, therefore, not consider the fact that the defendant did not testify as a circumstance against him; and you will not, in your retirement to consider your verdict, allude to, comment on, consider, or in any manner refer to the fact that the defendant has not testified."

After reviewing the record and applying the required harm analysis under Rule 44.2(a), we hold beyond a reasonable doubt that, even assuming that the trial court erred by overruling Sella's objection to the complained-of comment, any error did not contribute to Sella's conviction. *See* TEX. R. APP. P. 44.2(a). We overrule Sella's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


December 21, 2012                    CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, J., and Antcliff, J.

(Do Not Publish)