COURT
OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 JOHN CLAUDE SELLA,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 
 
                                     
 No. 08-11-00028-CR
  
 Appeal from the
  
 213th
 District Court
  
 of
 Tarrant County, Texas
  
 (TC# 0961525D)
  
 
 


 

O P I N I O N

 

            John
Claude Sella appeals his felony conviction for driving while intoxicated.  Sella contends that during the State’s
closing argument, the trial court erred by overruling his objection to a
rhetorical question asked by the State which Sella argues was a comment on his
failure to testify.  Finding no error, we
affirm.

BACKGROUND

            Sella
was stopped for erratic driving at approximately 1 a.m. on October 7, 2004, by
Lieutenant Michael Wilson of the Keller Police Department in Tarrant County,
Texas.  Wilson testified that Sella
failed to signal a left turn while waiting for a traffic light in the left turn
lane at an intersection.  When the light
changed, Sella did not turn left, but instead made a right hand turn out of the
left turn lane.  Wilson told the jury
that he followed the vehicle and saw it signal a right turn and turn sharply
right, almost hitting the curb.  The
problem with this maneuver was that there was no street available on which to
make a right turn at that time.  The
driver corrected his mistake, straightened the vehicle, and continued.  At the next intersection, the vehicle
attempted to make a U-turn, at which time Wilson activated his overhead lights
to make a traffic stop.  Sella stopped
his vehicle slightly beyond a stop sign at the intersection, and then continued
forward and pulled into a private parking lot driveway.

            Wilson
testified that he made contact with the driver and requested the individual’s
drivers’ license and proof of insurance, which Sella provided.  During this time, Wilson noted that Sella had
slurred speech, bloodshot, watery eyes, and smelled of alcohol.  Upon questioning, Sella informed Wilson that
he had had one beer.  After conducting a
check to determine whether Sella had an outstanding arrest warrant and to
request backup, Wilson returned to Sella’s vehicle to conduct a field sobriety
test.  Wilson told the jury that he had
to repeat the instructions for the horizontal gaze nystagmus test to Sella
several times and that Sella exhibited six out of a possible six intoxication
clues.  Sella was unable to maintain his
balance long enough to listen to Wilson’s instructions regarding the walk and
turn test.  Sella was unable to
adequately perform the one-leg stand field test, exhibiting three out of a
possible four intoxication clues.  Based
on these factors, as well as Sella’s erratic driving, Wilson arrested Sella for
driving while intoxicated.

            Prior
to having Sella’s vehicle towed, Wilson inventoried the contents of the
vehicle.  In the vehicle’s center
console, Wilson located a three-quarters full 16-ounce can of beer.  He also found a full 16-ounce can of beer
attached to a plastic six-pack ring.

            During
the State’s closing argument, the prosecutor stated: 

There was a cold to the touch
16-ounce open container inside the vehicle and another one left in the six
pack.  Officer, I only had one beer.  What happened to [the] other four beers?

 

Sella objected to the question arguing
that because only he could answer, it constituted a comment on his right not to
testify.  The trial court overruled
Sella’s objection, denied his motion for mistrial, and the prosecutor again
asked “[w]hat happened to the other four?”

DISCUSSION

            On
appeal, Sella complains that he “was denied his right to remain silent, and to
not be compelled to testify when [the prosecutor] commented upon his failure to
testify during closing arguments, which was in violation of Sella’s right
against self-incrimination under the fifth amendment of the United States
Constitution, Article I, Section X of the Texas Constitution, and the
prohibition upon the state commenting on a defendants [sic] failure to testify
as provided in Article 38.08 of the Texas Code of Criminal Procedure, and is,
therefore an abuse of discretion.”

            The
State counters that its arguments were a proper summation of the evidence
before the trial court, including reasonable inferences from that evidence, and
the prosecutor’s rhetorical question was not a comment on Sella’s failure to
testify.  The State argues in the
alternative that the prosecutor’s comment caused no harm to Sella.

Standard
of Review

In determining
whether the State engaged in improper jury argument, we consider the entire
argument presented, not isolated sentences.  Rodriguez
v. State, 90 S.W.3d 340, 364 (Tex.App.--El Paso 2001, pet. ref’d).  Generally, proper jury argument consists of:  (1) summation of the evidence; (2) reasonable
deductions from the evidence; (3) answer to argument of opposing counsel; and
(4) a plea for law enforcement.  Jackson v. State, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000);
Morales v. State, 11 S.W.3d 460, 463 (Tex.App.--El
Paso 2000, pet. ref’d).

A comment on an accused’s failure to testify violates the accused’s
state and federal constitutional privileges against self-incrimination.  Moore v. State, 849 S.W.2d 350, 351 (Tex.Crim.App. 1993);
Smith v. State, 65 S.W.3d 332, 339 (Tex.App.--Waco
2001, no pet.).  In
addition, the Code of Criminal Procedure provides that a defendant’s failure to testify on his own behalf may
not be held against him and that counsel may not allude to the defendant’s failure to testify.  Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).[1]

To determine if a prosecutor’s comment constituted an
impermissible reference to an accused’s failure to testify and violated article 38.08, we must decide whether the language
used was manifestly intended or was of such a character that the jury naturally
and necessarily would have considered it to be a comment on the defendant’s failure to testify.  See Bustamante v. State, 48 S.W.3d 761, 765 (Tex.Crim.App. 2001);
Fuentes v. State, 991 S.W.2d 267, 275 (Tex.Crim.App.), cert. denied,
528 U.S. 1026 (1999).  The offending language must be viewed from the
jury’s standpoint, and the implication that the comment referred to the
accused’s failure to testify must be
clear.  Bustamante, 48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex.Crim.App. 1992).
 A mere indirect or implied allusion to
the defendant’s failure to testify does
not violate the accused’s right to remain silent.  Wead v. State, 129 S.W.3d 126, 130 (Tex.Crim.App. 2004);
Patrick v. State, 906 S.W.2d 481, 490–91 (Tex.Crim.App. 1995),
cert. denied, 517 U.S. 1106 (1996).  A remark that calls attention to the absence
of evidence only the defendant can supply will result in reversal, but “if the
language can reasonably be construed to refer to appellant’s failure to produce
evidence other than his own testimony, the comment is not improper.”  Patrick, 906 S.W.2d at 491.

The comment/rhetorical
question at issue here—“[w]hat happened to [the] other four beers”—was, at
most, an indirect allusion to Sella’s failure to testify.  See Wead, 129 S.W.3d at 130; Patrick, 906 S.W.2d at 490–91.  Viewed from the jury’s standpoint, the
statement could reasonably be construed as a comment on, or summation of, the
evidence presented at trial; as a comment on Sella’s failure to submit to
breath analysis and a second field sobriety test; as a comment on his failure
to produce any evidence at trial; and/or as a comment on his statement that he
had only one beer, in spite of the four beers missing from the plastic six pack
ring—not just his own testimony.  See,
e.g., Jordan v. State, 897 S.W.2d 909, 913 (Tex.App.--Fort
Worth 1995, no pet.) (upholding as proper comments directed
at defendant’s refusal to consent to breath or blood test).  The complained-of comment did not clearly
reference Sella’s failure to testify
or otherwise refer to a particular aspect of the case that only his testimony
could refute.  Compare Livingston v. State, 739 S.W.2d 311, 338 (Tex.Crim.App. 1987)
(prosecutor’s comment on appellant’s power of subpoena to call witnesses to
explain his actions “did not refer to some particular aspect of the case that
only appellant’s testimony could refute” or call into question appellant’s
right to remain passive), cert. denied, 487 U.S. 1210 (1988), with Crocker v. State, 248 S.W.3d 299, 304–05 (Tex.App.--Houston
[1st Dist.] 2007, pet. ref’d) (prosecutor’s reference to defendant’s power of
subpoena drew attention to absence of evidence that only defendant could supply
and improperly alluded to defendant’s failure to testify), and Harrison v. State, 766 S.W.2d 600, 602–03 (Tex.App.--Fort
Worth 1989, pet. ref’d) (prosecutor’s comment that “[n]obody else in this
courtroom besides who was out there that day testified from this stand” was
improper because jury would necessarily take it as comment on defendant’s failure to testify).  Moreover, during closing argument, Sella’s
counsel repeatedly referred to “one beer” or “a beer.”

We conclude that the prosecutor’s comment was not manifestly
intended to refer to Sella’s failure to testify
and that it was not of such a character that the jury would necessarily have
considered it to be a comment on his failure to testify.  See Bustamante, 48
S.W.3d at 765;
Patrick, 906
S.W.2d at 491.

Finally, even assuming the
prosecutor’s comment was an improper comment on Sella’s failure
to testify, any error was harmless.  We apply a Rule 44.2(a) constitutional harm
analysis to comments on a defendant’s failure to testify and reverse unless we determine beyond a reasonable
doubt that the error did not contribute to the appellant’s conviction or
punishment.  See Tex. R. App. P. 44.2(a); Williams v. State, 958 S.W.2d 186, 194 (Tex.Crim.App. 1997). In applying the “harmless
error” test, our primary question is whether there is a “reasonable
possibility” that the error might have contributed to the conviction.  Mosley v. State, 983
S.W.2d 249, 259 (Tex.Crim.App. 1998) (op. on reh’g), cert.
denied, 526 U.S. 1070 (1999).

Our harmless error analysis
should not focus on the propriety of the outcome of the trial; instead, we
should calculate as much as possible the probable impact on the jury in light
of the existence of other evidence.  Wesbrook v. State, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000), cert. denied, 532 U.S. 944 (2001).  We consider the source and nature of the
error, the extent that it was emphasized by the State, its probable collateral
implications, the weight a juror would probably place on the error, and whether
declaring it harmless would be likely to encourage the State to repeat it with
impunity.  Harris v. State, 790
S.W.2d 568, 587 (Tex.Crim.App. 1989). This requires us to
evaluate the entire record in a neutral, impartial, and even-handed manner, not
“in the light most favorable to the prosecution.”  Id. at
586, quoting
Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Our neutral, impartial review
of the record demonstrates that the prosecutor’s comment summarized the
evidence presented to the jury at trial; that the comment was, at most, an
indirect reference to Sella’s failure to testify;
that the prosecutor did not repeat or emphasize the statement following Sella’s
objections; and that a juror would probably not attribute much, if any, weight
to any alleged error in the comment.



Moreover, in its instructions,
the trial court informed the jury that it could not consider Sella’s failure to testify as a circumstance
against him, and instructed the jury “[y]ou will, therefore, not consider the
fact that the defendant did not testify as a circumstance against him; and you
will not, in your retirement to consider your verdict, allude to, comment on,
consider, or in any manner refer to the fact that the defendant has not
testified.”

After
reviewing the record and applying the required harm analysis under Rule 44.2(a), we hold beyond a reasonable doubt that,
even assuming that the trial court erred by overruling Sella’s objection to the
complained-of comment, any error did not contribute to Sella’s conviction.  See Tex.
R. App. P. 44.2(a).  We overrule
Sella’s sole issue.

CONCLUSION

            Having
overruled Appellant’s sole issue, we affirm the judgment of the trial court.

 

 

December 21, 2012                                         CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]  “Any defendant in a criminal action shall be
permitted to testify in his own behalf therein, but the failure of any
defendant to so testify shall not be taken as a circumstance against him, nor
shall the same be alluded to or commented on by counsel in the cause.”  Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005).  The statute’s intent is to prohibit
prosecutors from urging the jury to draw conclusions regarding the defendant ’s
guilt from his failure to testify.  See, e.g., Randolph v. State, 353 S.W.3d 887, 891 (Tex.Crim.App. 2011)
(“In assessing whether the defendant’s Fifth Amendment right has been violated,
courts must view the State’s argument from the  jury’s standpoint and resolve any ambiguities
in the language in favor of it being a permissible argument.”).