# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00192-CR

**Tony Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-10-0284, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tony Martinez pleaded guilty to eleven counts of the offense of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021. The jury assessed punishment at 99 years' imprisonment and a fine of $6,000 on each count, and the district court ordered that the sentences in counts one through six would run concurrently with each other, the sentences in counts seven through eleven would run concurrently with each other, and that the concurrent sentences in counts one through six would run consecutively with the concurrent sentences in counts seven through eleven. In three points of error on appeal, Martinez asserts that the State made an improper argument during its closing argument, that Martinez's trial counsel rendered ineffective assistance by failing to object to the improper argument, and that the judgments of conviction mistakenly reflect that Martinez pleaded not guilty to each count of the indictment. We will modify the judgments to reflect that Martinez pleaded guilty. As modified, we will affirm the judgments.

## BACKGROUND

Martinez pleaded guilty to charges that he had sexually assaulted his stepdaughter on multiple occasions beginning when his stepdaughter was eight years old and continuing until she was twelve years old. At the punishment hearing, the jury heard evidence concerning the nature and surrounding circumstances of the offenses, including testimony from the victim, her mother, and the investigating officers. We will discuss the evidence in more detail below as it is relevant to Martinez's points of error. At the conclusion of the hearing, the district court sentenced Martinez in accordance with the jury's verdict as noted above. This appeal followed.

## ANALYSIS

### Improper argument

In his first point of error, Martinez asserts that the prosecutor made an improper closing argument that, in Martinez's view, amounted to a comment on Martinez's decision not to testify. The allegedly improper argument was the following:

> He has no remorse. Jeri [Skrocki, one of the investigating officers,] gave him the chance to apologize and all he expressed was the fact that he was sorry he got caught. His actions after he committed these crimes over all of those years, his actions showed that he has absolutely no remorse for what he has done. He has shown you that he is completely indifferent to the misery that he has caused.

As Martinez acknowledges in his brief, trial counsel made no objection to this argument at the time it was made. Accordingly, any alleged error in the argument has been waived. *See* Tex. R. App. P. 33.1; *Estrada v. State*, 313 S.W.3d 274, 302-03 (Tex. Crim. App. 2010). We overrule Martinez's first point of error.

2

**Ineffective assistance of counsel**

In his second point of error, Martinez asserts that trial counsel rendered ineffective assistance by not objecting to the allegedly improper argument by the prosecutor. According to Martinez, if counsel had objected, the objection would have been sustained and the jury instructed to disregard the argument. In Martinez's view, the failure to object prejudiced his defense by allowing the jury to consider in its deliberations his refusal to testify.

To establish that he received ineffective assistance of counsel, Martinez must prove by a preponderance of the evidence that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *Kuhn v. State*, 393 S.W.3d 519, 537 (Tex. App.—Austin 2013, pet. ref'd). Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

To prove deficient performance, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "To satisfy this prong of the analysis, a defendant 'must show that counsel's representation fell below an objective standard of reasonableness' based upon 'prevailing professional norms.'" *Perez*, 310 S.W.3d at 893 (quoting *Strickland*, 466 U.S. at 688). "For this

3

performance inquiry we consider all of the circumstances, with 'a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 688-89).

If the defendant proves that counsel's performance was deficient, he must further demonstrate that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Therefore, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant must show that there is a reasonable probability, meaning a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different but for the unprofessional errors of counsel. *Id.* at 687.

For a claim of ineffective assistance of counsel to succeed on appeal, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id.* (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Id.* This statement is true with regard to the "deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record. *Id.* Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id.* (quoting *Rylander v. State*, 101 S.W.3d 107, 111

(Tex. Crim. App. 2003)).  If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."  *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  In other words, in the absence of a record explaining the reasons for counsel's decisions, we will not find counsel's performance deficient if any reasonably sound strategic motivation can be imagined.  *See Garcia*, 57 S.W.3d at 440.

Because Martinez is arguing that counsel was ineffective in failing to object to improper jury argument, he must first show that the argument was in fact improper.  *See Kuhn*, 393 S.W.3d at 538.  If a jury argument was proper, counsel cannot be ineffective in failing to object to it.[1]  *Id*. at 538-39 (citing *Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd)).  But even if the argument was improper, Martinez must further show that (1) the failure to object to the improper argument constituted deficient performance; and (2) he was prejudiced by that failure.  *Id*. at 539.

In this case, the allegedly improper argument was the prosecutor's claim that Martinez lacked remorse.  "Under some circumstances, a comment concerning a defendant's lack of remorse constitutes a comment on the defendant's failure to testify."  *Snowden v. State*, 353 S.W.3d 815, 817 n.4 (Tex. Crim. App. 2011) (citing *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992)).  "Prosecutorial comment on an accused's failure to testify violates his state and federal constitutional

---

[1]  Proper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to an argument of opposing counsel, and (4) pleas for law enforcement.  *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

privileges against self-incrimination." *Id*. (citing *Moore v. State*, 849 S.W.2d 350, 351 (Tex. Crim. App. 1993)).

However, "[i]n order for a comment to violate a defendant's right against self-incrimination, the language used must be 'manifestly intended or . . . of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify.'" *Id*. (quoting *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001)). We review the language used from the standpoint of the jury. *Staley v. State*, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994). "The fact the language might be construed as an implied or indirect allusion to a defendant's failure to testify is not sufficient." *Id*. "Language that can reasonably be construed to refer to a failure to present evidence other than from the defendant's own testimony does not amount to comment on failure to testify." *Swallow*, 829 S.W.2d at 225. For example, an argument that could reasonably be construed as a reference to a statement made by the defendant, in which he expresses no remorse for his conduct, is not a direct comment on the defendant's failure to testify, but is instead a reference to evidence elicited during trial. *See Staley*, 887 S.W.2d at 896. Accordingly, if there is evidence in the record supporting the prosecutor's argument that the defendant lacked remorse, the argument is proper. *See Howard v. State*, 153 S.W.3d 382, 386 (Tex. Crim. App. 2004); *Davis v. State*, 782 S.W.2d 211, 222-23 (Tex. Crim. App. 1989); *Fearance v. State*, 771 S.W.2d 486, 514 (Tex. Crim. App. 1988).

Here, we conclude that there is evidence in the record supporting the prosecutor's argument that Martinez lacked remorse. Specifically, the victim's mother, Claudia Martinez, testified that after her daughter had made her outcry, she confronted Martinez about the abuse.

6

According to Claudia, Martinez denied assaulting her daughter, refused to apologize or take responsibility for what had happened, and showed no remorse for his actions. Additionally, after his arrest, Martinez provided a statement to Detective Strocki in which Martinez showed what could reasonably be construed as a lack of remorse. Strocki testified that Martinez did not apologize for his actions. Instead, according to Strocki, Martinez told him that he and his stepdaughter had what Martinez believed to be a consensual romantic relationship and that he did not believe this relationship was wrong. Additionally, Martinez told Strocki that, "next time," he "would have been smarter and told her that we needed to wait." Moreover, the victim testified that, even after the sexual abuse had ended, Martinez still wanted their "relationship" to continue. According to the victim, "In his mind we really had a relationship, like a boyfriend girlfriend relationship even though he was married to my mother." This and other evidence could reasonably be construed as a lack of remorse on the part of Martinez. Accordingly, the prosecutor's argument was a proper summation of the evidence presented at trial, and counsel could not be ineffective for failing to object to it. We overrule Martinez's second point of error.

**Clerical errors in written judgments of conviction**

In his third point of error, Martinez argues that the judgments of conviction for each count of the indictment mistakenly reflect that Martinez pleaded "not guilty" to each count. We agree. The record reflects that Martinez pleaded "guilty" to each count. We sustain Martinez's third point of error.

This Court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28

7

(Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify each of the eleven judgments of conviction to reflect that Martinez pleaded "guilty" to each count of the indictment.

## CONCLUSION

As modified, the judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Modified and, as Modified, Affirmed

Filed:   July 31, 2013

Do Not Publish